[No. 7,954.—In Bank.]

## D. M. CASHIN *v.* JOHN P. DUNN.

SALARIES OF DEPUTIES OF SUPERINTENDENTS OF STREETS IN SAN FRAN-
CISCO—CONSTRUCTION OF STATUTE.—Under the act of March 2d, 1878
(Stats. 1877–78, p. 139), and the Consolidation Act (§§ 95, 96), the salaries
of deputies of the Superintendents of Streets in San Francisco—like other
fixed salaries—must be paid out of the General Fund, in preference to any
and all other demands.

ID.—ID.—ONE TWELFTH ACT.—The act of February 25th, 1878 (Stats.
1877–78, p. 11), called the "One Twelfth Act," has no application to the
auditing and payment of demands for salaried officers whose appointment
is provided for and salaries fixed by law.

APPLICATION for writ of mandamus.

*McClure, Dwinelle & Plaisance,* for Plaintiff.

The salaries of all officers and deputies are payable out of the General Fund. (Cons. Act, § 95.) And "in preference to any and all other demands whatsoever." (Cons. Act, § 96.) The act of February 25th, 1878 (One Twelfth Act), does not preclude the Auditor from allowing the demands for salaries of any of the officers or their deputies, provided by existing laws.

*James A. Waymire,* for Defendant

In this case the amount appropriated for the salaries of deputies having been fixed at fourteen thousand five hundred dollars, and the tax levy having been made for that amount, the defendant, in auditing salaries of Deputy Street Superintendents, is restricted to one twelfth of the amount by the act of February 25th, 1878. (Stats. 1877–78, pp. 111, 333.) The act of March 2d, 1878, does not authorize the Street Superintendent to appoint sixteen deputies without regard to the amount appropriated by the Supervisors for the payment.

of their salaries. (Dillon on Municipal Corp., § 98; *Harris* v. *Supervisors of S. F.,* 52 Cal. 560; *People* v. *Frisbie,* 26 id. 135.)

SHARPSTEIN, J.:

Some time prior to July, 1881, the plaintiff was appointed a deputy in the office of the Superintendent of Streets of the City and County of San Francisco at a salary of one hundred and fifty dollars per month. By an act of the Legislature of this State approved March 2d, 1878 (Laws 1877-78, p. 139), it is provided that said Superintendent "shall be allowed not more than sixteen deputies, *to be appointed by him,* from time to time; three of said deputies shall receive a salary of two hundred dollars per month each, and six of said deputies shall receive a salary of one hundred and fifty dollars per month each, and seven of said deputies shall receive a salary of one hundred dollars per month each.

Section 85 of the Consolidation Act provides that all "monthly demands (except that of the Auditor) on account of salaries, *fixed by law,* and made payable out of the Treasury of said city and county, may be allowed by the Auditor without any previous approval."

On the 4th day of August, 1881, the plaintiff presented his demand in due form for his salary for the month of July, for allowance, to the defendant as Auditor of the City and County of San Francisco, and the Auditor refused to audit and allow the same, on the ground that the Board of Supervisors in fixing the tax levy for the current fiscal year, had not appropriated a sufficient amount to pay the salaries of the deputies allowed to be appointed under the act above mentioned, and that in consequence thereof, he was precluded by the provisions of an act entitled, "An act to regulate and limit the payment of money out of the Treasury of the City and County of San Francisco," approved February 25th, 1878 (Laws, 1877-78, p. 11), to allow demands to an amount exceeding that which the said Board of Supervisors had allowed in approximating the tax levy for salaries of deputies in the office of Superintendent of Public Streets, Highways, and Squares.

The act of February 25th, 1878, so far as it is claimed to have any application to this case, reads as follows :

" It shall not be lawful hereafter for the Board of Supervisors of the City and County of San Francisco, or any committee, officer, or Board having power to authorize or contract liabilities against the Treasury of said city and county, to authorize, allow, contract for, pay, or render payable in the present or future in any one month any demand or demands against said Treasury, or any of the funds thereof, which shall in the aggregate exceed one twelfth part of the amount *allowed by laws existing at the time* of such contract, authorization, allowance, payment, or liability, to be expended within the fiscal year of which the said month is a part."

Conceding, which we do not, that the Board of Supervisors in their estimate of the amount of money which it would be necessary to raise by taxation for the support of the municipal government for this year, allowed fourteen thousand five hundred dollars for the payment of salaries of deputies in the Street Superintendent's office, and that that amount is insufficient to pay the salaries of all the deputies employed in said office, although the number does not exceed that which the act of March 2d, 1878, allows said Superintendent, would such action of the Board practically repeal said act?

It is contended on behalf of the defendant, that he is prohibited by the act of February 25th, 1878, from auditing in any one month demands for salaries of deputies in the Street Department's office, which in the aggregate amount to more than one twelfth of the amount allowed, by laws existing at this time, for the payment of the salaries of deputies in said Superintendent's office for this fiscal year, and that the amount is fourteen thousand five hundred dollars and no more. In other words, it is claimed on behalf of the defendant, that the action of the Board of Supervisors in estimating the amount which it would be necessary to raise for the payment of said salaries is the amount *allowed by law* for the payment of said salaries for this fiscal year. On the other hand it is contended that the law which allows Deputy Superintendents their salaries and fixes the amount thereof is found in the act of March 2d, 1878. That act was passed after the

passage of the act of February 25th, 1878, and if their provisions can not be reconciled those of the later act must prevail.

But we are unable to discover any repugnancy between the two acts. The earlier act provides that no officer shall allow in any one month demands exceeding one twelfth part of the amount allowed by laws existing at the time of such allowance to be expended within the fiscal year of which said month is a part, and the later act allows the Superintendent to appoint sixteen deputies, and fixes their salaries. Both acts were in force at the time of the refusal of the defendant to audit the demand of the plaintiff. The only ground upon which that refusal can be justified is that the later act does not allow the payment of the salaries which it provides shall be paid to the deputies of the Street Superintendent. For if it does allow the payment of said salaries then there was an existing law which allowed their payment.

There is no law which authorizes the Board of Supervisors to appoint the deputies of the Street Superintendent, or to limit their number, or to fix their salaries. The Legislature has provided how and by whom they shall be appointed, limited their number, and fixed their salaries. In the face of all this, can it fairly be said that there is no law which allows the payment of these salaries? These salaries are not fixed at so much per year, but at so much per month. Consequently the aggregate demands for any one month can not exceed one twelfth of the yearly aggregate. As to such salaries there always has been a one twelfth act.

Fixed salaries must be paid out of the General Fund in preference to any and all other demands whatsover, and in case of any deficiency of funds for the payment of them, when presented, such demands must be registered and paid out of any moneys afterwards coming into the Treasury, in the order in which they are registered. (Cons. Act, §§ 95, 96.)

It is assumed by the defendant's counsel throughout his argument that the Board of Supervisors have made an appropriation for the payment of the salaries of the deputies in the Street Superintendent's office. We are unable to find that they have made or that they have the power to make

any such appropriation. The salaries of such deputies, as we have shown, are not fixed or allowed by them.

The Board of Supervisors are required to levy taxes for city and county purposes, but that does not include or imply the power to deprive any officer of the municipal government of the number of deputies which the law allows him, or to deprive them of the salaries which the law fixes, and requires to be paid in preference to any and all other demands whatsoever.

It is quite clear that the " One Twelfth Act," as it is called, has no application whatever to the auditing and payment of demands for salaries of officers whose appointment is provided for, and salaries fixed, by law.

Ordered that a peremptory writ of mandamus be issued as prayed in the complaint herein.

McKINSTRY, J., ROSS, J., and THORNTON, J., concurred.