[No. 12282. In Bank. — December 23, 1887.]

L. J. WELCH, PETITIONER, v. FLEET F. STROTHER, AUDITOR OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

DEPUTY COUNTY CLERKS — SALARIES OF — SAN FRANCISCO — ONE-TWELFTH ACT. — The act of February 27, 1878,—providing that neither the board of supervisors of the city and county of San Francisco, nor any other officer having the power " to authorize or contract liabilities against the treasury," shall authorize or contract for, in any one month, any demand against the treasury which shall exceed one twelfth part of the amount allowed by law . . . . to be expended within the fiscal year of

which said month is a part,— does not apply to the auditing and payment of demands for salaries of officers, such as deputy county clerks, whose appointments are provided for and salaries fixed by law.

ID.— CONSTITUTIONAL LAW — AMOUNT LIMITED FOR SALARIES BY SUPERVISORS.— Section 18 of article 11 of the constitution, providing that "no county . . . . shall incur any indebtedness, in any manner or for any purpose, exceeding in any year the income and revenue provided for it for such year," does not prohibit the auditor of the city and county of San Francisco from auditing the demands for salaries of deputy county clerks, notwithstanding the aggregate amount of the salaries of such officers for a given year would exceed the amount limited by the board of supervisors for the payment of such salaries during that year.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*McAllister & Bergin,* for Petitioner.

The so-called one-twelfth act is not applicable to the demands in question. (*Cashin* v. *Dunn,* 58 Cal. 581; Consolidation Act, sec. 95, subd. 3; sec. 96; *Burke* v. *Edgar,* 67 Cal. 183.) Where the statute fixes the salary, the appointing officer cannot, nor can any department of the government except the legislature, vary or change the amount thus fixed. (*People* v. *Board of Police,* 75 N. Y. 42; *Kehn* v. *State,* 93 N. Y. 294; *State* v. *Steeler,* 57 Tex. 200; *Mitchell* v. *United States,* 18 Ct. of Cl. 281; *Adams* v. *United States,* 20 Ct. of Cl. 281; *Dyer* v. *United States,* 20 Ct. of Cl. 166.) Nor does the omission to make the necessary appropriation to pay the salary affect its amount. (*United States* v. *Langston,* 118 U. S. 394; *United States* v. *Williamson,* 23 Wall. 416; *State* v. *Purdy,* 36 Wis. 224; 17 Am. Rep. 485.) A salary of a municipal officer is not a debt within the meaning of section 18 of article 11 of the constitution. (*Harvey* v. *Comm'rs,* 32 Kan. 162; *Butler* v. *Pennsylvania,* 10 How. 415; *Commonwealth* v. *Bailey,* 81 Ky. 401; *Collector* v. *Day,* 11 Wall. 122; *Bliss* v. *Lawrence,* 58 N. Y. 446; 17 Am. Rep. 273; *Bangs* v. *Dunn,* 66 Cal. 73; *Hall* v. *Wisconsin,* 103 U. S. 8; *State* v. *Police Jury,* 34 La. Ann. 45; *Bulkley* v. *Eckert,* 3 Pa. St. 369; 45 Am. Dec. 650; *Clark*

v. *Clark,* 62 Me. 256; *Bivens* v. *Harper,* 59 Ill. 22; *Fitz-simmons* v. *Brooklyn,* 102 N. Y. 538; 55 Am. Rep. 835.)

*Samuel W. Wilson,* and *George Flournoy, Jr.,* for Respondent.

Section 18 of article 11 of the constitution prohibits the auditing or payment of the demands in question. (*San Francisco Gas Co.* v. *Brickwedel,* 62 Cal. 642.)

McFARLAND, J.— During the month of July, 1887, the petitioner was a regularly appointed and acting deputy county clerk of the city and county of San Francisco, being register clerk of department 4 of the superior court of said city and county. His salary was fixed by law at $175 per month. In August, 1887, he presented his demand for his salary for the preceding month of July to the respondent, who was and is the auditor of said city and county, and he refused to audit the same. Petitioner then commenced this proceding in *mandamus* in this court to compel the respondent to audit said demand.

The refusal of the respondent seems to have been based mainly upon these grounds:—

The board of supervisors passed an order fixing the estimate of expenses for "county clerk's deputies and copyists' salaries," for the year at seventy-two thousand dollars, and providing that such expense should be limited to that amount. And by an act of the legislature relating to said city and county, passed February 27, 1878, — usually called the one-twelfth act, — it was enacted that neither the board of supervisors, nor any other officer having the power "to authorize or contract liabilities against the treasury," shall authorize, contract for, pay, etc., in any one month, any demand or demands against the treasury, or any of the funds thereof, which shall exceed one-twelfth part of the amount allowed by laws existing at the time of such contract

authorized, etc., to be·expended within the fiscal year of which said month is a part. (Worley's Consolidation Act, p. 219.)

The said demand upon respondent was made on behalf of petitioner by the county clerk of said city and county, who at the same time presented demands of other deputy clerks and copyists in said month ·of July, which amounted, in the aggregate, to over eight thousand dollars, and respondent refused to audit any of them, because they were in excess of one twelfth of the seventy-two thousand dollars which the board had declared to be the limit of such expenses for the year, as aforesaid.

But this ground of refusal was expressly held by this court to be untenable in *Cashin* v. *Dunne*, 58 Cal. 582. That case was *mandamus* against the auditor on application of a deputy street superintendent to compel the former to audit the monthly salary of the latter. The defense set up was, that to audit the demand would be to allow in one month more than one twelfth of the whole amount appropriated for the current fiscal year by the board of supervisors for the payment of salaries of deputies of the office of superintendent of streets. But the court held that the "one-twelfth act (so called) has no application to the auditing and payment of demands for salaries of officers whose appointment is provided for and salaries fixed by law." And we see no good reason for overruling that case, as we are asked to do by counsel for respondent. Salaries are not liabilities against the treasury which rest upon any authorization or contract by the board of supervisors, or any other officer. They are fixed by law, and are not subject to the control of such officers. They are payable out of the general fund, and are not limited to any particular part of that fund which the board may choose to set apart for their payment.

Respondent contends that the writ should not issue,

on account of that section of the state constitution which provides that "no county . . . . shall incur any indebtedness, in any manner or for any purpose, exceeding in any year the income and revenue provided for it for such year, without the assent of two thirds of the qualified electors," etc. (Const., art. 11, sec. 18.) But we do not see how this point can arise on the facts of this case. Leaving out of view the meaning of the words "indebtedness" and "liability," as used in the section of the constitution just quoted, and assuming for the sake of the argument that they include the salary of a public officer fixed by law, it nowhere appears, as we understand it, that there would be any excess of indebtedness over the revenue provided for the year. The averment of the answer is merely that if all the demands presented by the county clerk for the month of July had been audited, they would have exceeded the one twelfth of the seventy-two thousand dollars of the general fund to which the board had undertaken to limit the payment of these demands. Assuming, therefore, that the seventy-two thousand dollars was the "income and revenue provided" for the payment of county clerks' salaries, respondent contends that if over six thousand dollars had been audited for July, and a like amount should be audited for the other months, the excess of the aggregate over seventy-two thousand dollars would be an indebtedness unprovided for. But the seventy-two thousand dollars is not the revenue provided for the payment of salaries; they are paid out of the general fund. Moreover, they are preferred claims; and there is no pretense of an averment that the payment of preferred claims would exhaust the revenue provided for the general fund. And again, it is provided by law that in case of a deficiency of funds for the payment of such demands, they shall be registered and paid when there shall be such funds in the order of their registry. (Const., arts. 95, 96.)

The demand of petitioner, therefore, should have been audited by respondent; and, as held in *Cashin* v. *Dunne, supra,* the writ of mandate is the proper remedy.

Let the writ issue as prayed for.

SEARLS, C. J., SHARPSTEIN, J., TEMPLE, J., McKIN-STRY, J., PATERSON, J., and THORNTON, J., concurred.