[No. 13647. In Bank. — May 3, 1890.]

# P. A. HUMBERT, PETITIONER, v. JOHN P. DUNN, CONTROLLER OF STATE, RESPONDENT.

CONSTITUTIONAL LAW — APPROPRIATION BY LEGISLATURE — OFFICIAL SAL-
ARY — MANDAMUS. — The constitutional limitation that "no money shall
be drawn from the treasury but in consequence of appropriations made
by law," is designed only to secure to the legislative department the ex-
clusive power of deciding to what purpose the public funds shall be de-
voted in each fiscal year, and no particular form of legislative words is
required to make an appropriation valid. An appropriation of an official
salary may be prospective, and payable monthly out of any money in
the treasury not otherwise appropriated, at the time when the services
are performed and the monthly payments become due, and such appro-
priation may be made in any form of words expressing the intention of
the legislature to provide for the payment of the salary as it accrues.
*Mandamus* will lie to compel the controller of state to issue his warrant
in payment of a salary so appropriated in the act establishing the office
to which the salary is attached.

APPLICATION to the supreme court for a writ of man-
date. The facts are stated in the opinion of the court.

*Robert T. Devlin,* for Petitioner.

*Attorney-General Johnson,* for Respondent.

PATERSON, J. — This is an application for a writ of
mandate commanding the respondent, as controller of
the state, to draw a warrant in favor of petitioner for the
sum of two hundred dollars, claimed to be due the lat-
ter on account of salary as a member of the examining
commission on rivers and harbors. The petition shows,
in substance, that the petitioner is a duly appointed,
qualified, and acting member of said commission; that,
by virtue of his appointment, qualification, and acts as a
member of said commission, there is due to him as sal-
ary for the month of November, 1889, the sum of two
hundred dollars; that his claim was duly presented to
the state board of examiners, and by them audited, al-
lowed, approved, and ordered paid out of any money in

the state treasury not otherwise appropriated; that the respondent refused to draw on the treasury for the amount allowed.

The attorney-general, on behalf of respondent, has filed a demurrer to the petition, on the ground that it does not state facts sufficient to constitute a cause of action.

It is not claimed that the law is against the constitution or good policy; the only point made against the right of the petitioner to receive the salary due to him under the provisions of the act is, that no appropriation has been made out of which it can be paid.

The act in question provides that "each member of said commission shall receive a salary of two thousand four hundred dollars per annum, payable monthly, and his traveling expenses while engaged in the performance of official duties. Said salary and expenses to be paid out of any money in the state treasury not otherwise appropriated."

The question is, whether these provisions of the act constitute an "appropriation," within the meaning of that term as used in section 22, article 4, of the constitution, which provides that "no money shall be drawn from the treasury but in consequence of appropriations made by law."

It is true, the usual formula, "there is hereby appropriated the sum of . . . . dollars out of any money in the state treasury not otherwise appropriated for the payment of salaries," etc., is not found in the act, but the intention of the legislature to provide for the payment of the salaries of the commissioners as they accrued is clearly manifested in the language used: "Each member . . . . shall receive a salary of two thousand four hundred dollars per annum, *payable monthly*," and it is "to be paid out of any money in the state treasury *not otherwise appropriated*." There is nothing in this language indicating an intention to postpone the payment of the salaries of the commissioners until

the next session of the legislature.  They are to be paid *monthly*, and out of any money *not otherwise appropriated*. "Not otherwise appropriated" when?  Clearly at the time when the services are performed and the monthly payments become due.

While it is customary to use the words, "there is hereby appropriated the sum," etc., in bills appropriating money for the payment of salary and other expenses of the government, it is not essential to the validity of an appropriation that those words, or any of them, should be used, if the legislature has clearly designated the amount and the fund out of which it is to be paid.  Has the legislature fixed the amount of the claim and designated its payment out of a certain fund?  These are the only things necessary to the validity of the appropriation, there being no other constitutional objection to the bill than as to the sufficiency of the act of appropriation. (*McCauley* v. *Brookes*, 16 Cal. 28.)

The limitation that "no money shall be drawn from the treasury but in consequence of appropriations made by law" is taken literally from the constitution of the United States.  Its object is to secure to the legislative department of the government the exclusive power of deciding how, when, and for what purposes the public funds shall be applied in carrying on the government. (2 Opinions Attorneys-General, 670.)  It had its origin in Parliament in the seventeenth century, when the people of Great Britain, to provide against the abuse by the king and his officers of the discretionary money power with which they were vested, demanded that the public funds should not be drawn from the treasury except in accordance with express appropriations therefor made by Parliament (Hallam's Constitutional History, 555); and the system worked so well in correcting the abuses complained of, our forefathers adopted it, and the restraint imposed by it has become a part of the fundamental law of nearly every state in the Union.  To the legislative department of the government is intrusted

the power to say to what purpose the public funds shall be devoted in each fiscal year, and, as stated before, when the legislature has clearly indicated its will as to the claim which is to be paid and the fund from which it is to be paid, the constitutional requirement is satisfied, and no particular form of words is essential to make the appropriation valid. (*Proll* v. *Dunn*, 80 Cal. 220.) In *Ristine* v. *State*, 20 Ind. 339, the court said: "An appropriation of the money to a specific object would be an authority to the proper officer to pay the money, because the auditor is authorized to draw his warrant upon an appropriation, and the treasurer is authorized to pay such warrant, if he has appropriated money in the treasury. And such an appropriation may be prospective, that is, it may be made in one year of the revenues to accrue in another or future years, the law being so framed as to address itself to such future revenues."

It is claimed that the act is unconstitutional because it does not specify the amount to be appropriated; that the amount which may be incurred as expenses is uncertain.

So far as the traveling expenses are concerned, this contention may be good, although it has been held that "it is not essential or vital to an appropriation that it should be of an amount certainly ascertained prior to the appropriation." (*People* v. *Minor*, 46 Ill. 390.) We are not called upon to decide this question, however, as the only claim here is for salary which is fixed by the act at two thousand four hundred dollars per annum, payable monthly. The act provides for the appointment of three engineers as commissioners, and, so far as their salaries are concerned, the amount appropriated is fixed and certain.

The demurrer is overruled, with permission to file an answer, if the attorney-general should be so advised, within ten days after notice of this decision.

FOX, J., SHARPSTEIN, J., MCFARLAND, J., and THORNTON, J., concurred.