[No. 20667. In Bank.—September 2, 1890.]

## THE PEOPLE, RESPONDENT, *v.* CHARLES TURNER, APPELLANT.

CRIMINAL LAW.—HOMICIDE—INFORMATION—ASSISTANT DISTRICT ATTORNEY—DE FACTO OFFICER. — An information for murder signed and filed by a *de facto* assistant district attorney appointed by the board of supervisors instead of by the district attorney, but acting under the approval and by the directions of the district attorney, is valid, and it is not error to refuse to strike it from the files of the court or to set it aside on the ground that the information had not been signed, presented, or filed by the district attorney.

ID. — JURISDICTION — INDIANS. — The fact that the deceased and the defendant were both Indians does not deprive the superior court of jurisdiction over a defendant charged with murder committed within its jurisdiction.

APPEAL from a judgment of the Superior Court of Modoc County.

The facts are stated in the opinion of the court.

*Spencer & Raker,* and *Clarence A. Raker,* for Appellant.

*Attorney-General Johnson,* for Respondent.

Fox, J.—Information for murder, conviction of manslaughter.

1. The first point made is, that the court erred in refusing to strike the information from the files: (*a*) Because it had not been preceded by an examination before a committing magistrate; (*b*) because it had not been signed, presented, or filed in open court by the district attorney of the county. The first information filed had been set aside, and before the filing of the information upon which the trial and conviction was had, an examination had been regularly had before the judge of the superior court sitting as a committing magistrate. J. H. Stewart was the district attorney of the county. He had never made any formal appointment of a deputy or assistant district attorney, but the board of super-

visors of the county had, before that time, under a provision of the county government act, as it then stood, authorizing them to provide for the appointment of an assistant district attorney whenever in their judgment they should deem it necessary, not only provided for the appointment of one, but, believing that the board was the proper party to make the appointment, had appointed J. J. May to that position. He had duly qualified, and was by the district attorney recognized as duly appointed his assistant, and was acting as such with the knowledge and approval of the district attorney. Shortly before the examination was held, the district attorney left the county, and was absent until after the information was filed. Before leaving he told May, the assistant, if the defendant was held to answer to prepare and file the information. After the examination and the order holding the defendant to answer, May took a blank information, which had been signed by the district attorney, filled it out, added to the signature of the district attorney, which was already attached as such, his own signature as assistant district attorney, and having completed the same, filed it in open court. He was at the time assistant district attorney *de facto*, if not *de jure*. No other person was claiming the office. He was acting under and by the directions of the district attorney. His acts were valid, and it was not error to deny the motion.

2. Defendant then moved to set aside the information on the same grounds upon which the other motion had been made. The motion was denied, and this is also assigned as error. There was no error in this ruling.

3. The next error assigned is that the court erred in overruling defendant's demurrer to the information. The information was complete and sufficient in all the particulars referred to in the demurrer; it charged the offense in the language of the statute, and was sufficient in that regard. It is claimed in and by the demurrer

that the court had no jurisdiction, because both the decedent and the defendant were Indians. We know of no law, and are cited to none, which supports such a position on the facts as shown in this record. There was no error in overruling the demurrer.

These are the only errors assigned, or specifications made, in the bill of exceptions, and consequently the only points which demand our consideration. Upon the argument, however, counsel criticises some of the charges given by the court to the jury, and some of the proceedings had in the course of the trial, as well as the form of the judgment. No exception was taken to any of the matters so urged in argument, but we have examined the record and find that the instructions and proceedings in the matters referred to are free from error.

Judgment affirmed.

BEATTY, C. J., SHARPSTEIN, J., and McFARLAND, J., concurred.