[No. 14811.  Department One. — November 1, 1892.]

WILLIAM IRELAN, JR., Appellant, v. EDWARD
P. COLGAN, Controller of State, Respondent.

Statutory Construction — Legislative Appropriation — Salary of
State Engineer — Portion of Fiscal Year not Specified. — The
appropriation of six thousand dollars for the office of state engineer, made
by the general appropriation act of March 21, 1889 (Stats. 1889, p. 438),
appropriating money for the objects therein expressed, and "for the
support of the government of the state of California for the forty-first
and forty-second fiscal years," is for payment of the entire salary of the
state engineer appointed by the act of March 19, 1892, which took effect
sixty days after its date, and created the office of state engineer, "to
remain in existence for a period of two years only," and provided that
the state engineer should receive a salary of three thousand dollars a
year, and the fact that the period of the two-year term included that
portion of the fortieth fiscal year extending from May 19, 1889, to July
1, 1889, does not preclude the right of the state engineer to receive the
entire sum of six thousand dollars appropriated for his office, though the
fortieth fiscal year is not named in the appropriation act.

Id. — Acts in Pari Materia — Intention of Legislature — Form of
Words Disregarded. — In determining whether an appropriation has
been made for the payment of a particular claim, the court will not look
merely at the form of words used, but will ascertain the intention of the
legislature from the language of the act and the provisions of other stat-
utes relating to the same subject and the nature of the claim for which
the appropriation is made; and if it clearly appears therefrom that the
legislature intended to pay a certain amount at a certain time, or in in-
stallments at certain times, and has designated the fund from which the
money is to be paid, the appropriation is complete, and payment of the
whole appropriation will be enforced, regardless of form in the wording
of the appropriation act.

Appeal from a judgment of the Superior Court of
Sacramento County.

The facts are stated in the opinion of the court.

*Matt Clarken,* and *D. E. Alexander,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

Paterson, J. — In 1889 an act was passed and ap-
proved which created the office of state engineer, "to
remain in existence for a period of two years only," and
provided that the state mineralogist should be *ex officio*
state engineer, at a salary of three thousand dollars per
year. (Stats. 1889, p. 328.) The act took effect on May

18, 1889, sixty days after its passage; and from that time until May 19, 1891, when the office ceased to exist, the petitioner, who was the duly appointed, qualified, and acting state mineralogist, performed the duties of the office created by the act. He received his salary as engineer from July 1, 1889, to May 19, 1891, which period constituted the forty-first fiscal year and a portion of the forty-second. The respondent refused to draw a warrant in favor of petitioner for salary ($350) due the latter as engineer from May 19, 1889, to July 1, 1889, claiming that no appropriation had been made to pay any portion of the salary for the *fortieth* fiscal year. Thereupon the petitioner applied to the superior court for a writ of mandate, a demurrer to his petition was filed, the court below sustained the controller in his contention, the prayer of the petitioner was denied, and from the judgment the latter has appealed to this court.

The attorney-general, on behalf of the respondent, contends that the item, " for the salary of the state engineer, state mineralogist *ex officio*, six thousand dollars," in the general appropriation act of March 21, 1889 (Stats. 1889, p. 438), was an appropriation for the forty-first and forty-second fiscal years only, and that no part of it can be used in payment of salary earned in the fortieth fiscal year. The argument is based upon the provisions of section 1 of the act, which reads as follows: —

"Sec. 1. The following sums of money are hereby appropriated out of any money in the state treasury not otherwise appropriated, *for* the objects hereinafter expressed, and for the support of the government of the state of California for the forty-first and forty-second fiscal years."

It is said that as the fiscal year commences on July 1st, this provision of the general appropriation act expressly limits the use of the moneys therein appropriated to the support of the government from July 1, 1889, to July 1, 1891.

The fallacy of the contention rests in the assumption

that the intention of the legislature must.be gathered from the provisions of the appropriation act alone, and in the failure to consider other statutes which bear upon the question.   The appropriations made are not alone for the "support of the government . . . . for the forty-first and forty-second fiscal years"; they were made also *for the objects thereinafter expressed,* one of which objects was the payment of six thousand dollars to the state engineer, whose term of office had been expressly limited to two years, and his salary fixed at three thousand dollars per year.   In determining whether an appropriation has been made for the payment of a particular claim, we do not look merely at the form of words used.   The intention of the legislature is to be ascertained from the language of the act and the provisions of other statutes relating to the same subject and the nature of the claim for which the appropriation is made.   If it clearly appears from these things that the legislature intended to pay a certain amount at a certain time, or in installments at certain times, and has designated the fund from which the money is to be paid, the appropriation is complete, and payment will be enforced by mandate, regardless of form in the wording of the appropriation act.   (*Humbert* v. *Dunn,* 84 Cal. 57.)

Looking at the various provisions of the law bearing upon the question under consideration, the intention of the legislature to appropriate enough to pay the state engineer $250 per month from the time the act took effect until the office ceased to exist is clearly shown.   The life of the office was fixed at two years, and the salary of the officer was fixed at three thousand dollars per year.   The legislature knew that under section 1029 of the Political Code, " *unless otherwise provided by law,* the salaries of officers must be paid out of the general fund in the state treasury, *monthly, on the last day of each month.*"   That is to say, it was known that unless the bill creating the office and providing for the payment of the salary thereof provided otherwise, the officer would be entitled to receive at the end of each month and every month of his term of office

one twelfth of his annual salary. To meet the demands which would thus be made upon the treasury every month of the two-years term fixed in the act of March 19th, the item of six thousand dollars was inserted in the general appropriation act. If the legislature did not intend to provide for the payment of the engineer's salary for the period of one month and twelve days prior to the commencement of the forty-first fiscal year, why did it include the amount necessary therefor ($350) in the appropriation? The legislature knew, of course, that the amount of the engineer's salary for the forty-first and forty-second fiscal years would be only $5,650, and that at the end of that period the office would cease to exist. What disposition was to be made of the balance of the six thousand dollars appropriated "for the salary of the state engineer, state mineralogist *ex officio*"? It is entirely clear to us that the amount was set aside to pay the engineer's salary for the full period named in the act creating the office, and to avoid the necessity of any further appropriation for that purpose. It was unnecessary for the legislature to add to this item of appropriation the date of payment of the first installment. The appropriation being one for payment of the *salary of an officer of the state* whose term and whose office began and expired together, section 1029 of the Political Code fixed the times of payments as conclusively as if such times and installments had been expressly stated in connection with the item of appropriation.

It is alleged in the petition, and must be taken as true, "that there is an unexhausted specific appropriation provided by law in the state treasury of said state, and not otherwise appropriated, to meet and pay the said $350."

The judgment is reversed, with instructions to the court below to overrule the demurrer and permit the respondent to answer.

HARRISON, J., and GAROUTTE, J., concurred.