[No. 1033. Decided October 17, 1893.]

THE STATE OF WASHINGTON, *on the relation of Erastus Brainerd*, v. L. R. GRIMES, *State Auditor*.

STATE LAND COMMISSION—APPROPRIATION FOR SALARIES—CON-
STRUCTION OF STATUTE.

The act (Laws, 1893, p. 386) providing for the state board of land commissioners, the payment of their salaries and expenses the same as the salaries and expenses of other state officers are paid, and authorizing the auditor to draw warrants therefor, sufficiently shows the intention of the legislature to make an appropriation in compliance with constitutional requirements by the further pro-vision that "the treasurer of state is hereby directed to pay the same out of any moneys in the state treasury not otherwise appro-priated."

*Original Application for Mandamus.*

*John W. Corson*, for relator.

*James A. Haight*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an application for a writ of *mandamus*, commanding the respondent, as state auditor,

to draw a warrant in favor of the petitioner, for the sum of $83.33, on account of salary as a member of the board of state land commissioners. The petition sets up the qualifications of the officer, the due presentation of the bill and all such formal requirements; and while the respondent interposes a general demurrer that the petition does not state facts sufficient to constitute a cause of action, the only ground urged by respondent is, that no appropriation has been made by the legislature which warrants the auditor in drawing a warrant in favor of the petitioner under the restrictive provision of the constitution (art. 8, §4), which provides that—

"No moneys shall ever be paid out of the treasury of this state, or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law; nor unless such payment be made within two years from the first day of May next after the passage of such appropriation act, and every law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated, and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum."

It is conceded by the respondent that in the absence of the constitutional limitation the claim of the petitioner should be sustained. Let us see whether or not the legislature has made an appropriation within the requirements of the constitutional article. Secs. 3 and 4 of the act creating the state board of land commissioners, approved March 15, 1893 (Laws, p. 387), provide as follows:

"SEC. 3. That the commissioner of public lands shall receive a salary of $2,000 per annum, and the other members of said board shall each receive a salary of $2,000 per annum, and all the members of said board shall be repaid all expenses actually and necessarily incurred by them in the discharge of their duties, as herein provided, to be paid monthly the same as the salaries and expenses of the other state officers are paid.

"SEC. 4. That the said board is hereby authorized to expend a sum of money not to exceed $1,800 per annum for such clerical work as it may require in the performance of its official duties; and that the auditor of state is hereby authorized and required to issue his warrants for the amounts thus expended upon vouchers therefor, properly authenticated by said board, for the payment thereof, and also in like manner for the payment of the salaries of the members of the said board; and the treasurer of state is hereby directed to pay the same out of any moneys in the state treasury not otherwise appropriated."

It is evident that the legislature construed the act under consideration as embodying an appropriation for the purpose of carrying the act into effect, for the bill is entitled "An act to provide for the creation of a state board of land commissioners for the management and disposition of the public lands of the state, making appropriations therefor, and declaring an emergency." But, outside of any light which may be thrown upon the intention of the lawmakers by aid of the title, we are clearly of the opinion that the language employed in the body of the act is amply sufficient to show that the intention of the legislature was to appropriate. They have designated the amount, and have directed that it be paid out of any moneys in the state treasury not otherwise appropriated. This, we think, is sufficient, and the appropriation contemplated by the constitution is as plainly indicated as though the formal words "there is hereby appropriated," etc., were used. No arbitrary form of expression is dictated by the constitution, and none should be required. Many cases have been adjudicated in states having substantially the same constitutional provision as the one in question, and so far as we have been able to ascertain they have uniformly been determined in favor of the relator's contention. See *State of Louisiana v. Bordelon,* 6 La. An. 68; *Humbert v. Dunn,* 84 Cal. 59 (24 Pac. Rep. 111), and cases cited.

• The appropriation by law, then, having been made, and the relator being in all respects entitled to the amount asked for, the demurrer is overruled, and the peremptory writ of mandamus will issue.

HOYT, SCOTT, ANDERS and STILES, JJ., concur.