[Crim. No. 423. In Bank.—April 8, 1898.]

THE PEOPLE, Respondent, v. JOHN BLACK, Appellant.

CRIMINAL LAW—APPEAL—PRINTING OF TRANSCRIPT.—Under section 1246 of the Penal Code, it is the official duty of the clerk, within the time limited therefor, to transmit to the appellate court fifteen printed copies of the notice of appeal, of the record, and of all bills of exceptions, and to serve printed copies of the same upon the defendant's attorney and upon the attorney general; and the cost of the printing is made a charge against the county, which is not exempted from liability therefor by a failure of the board of supervisors to set apart a sufficient fund to pay the cost of printing; nor is the clerk excused from the performance of his duty to print the transcript by reason of such failure. The incurring of the expense therefor is not within the control of the board of supervisors, nor is it competent for that body to determine the amount that shall be expended for such purpose, nor to absolve the clerk from his duty, by setting apart an insufficient fund.

APPLICATION for an order from the Supreme Court to the clerk of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellant.

C. F. Curry, County Clerk, in *pro per.*

THE COURT.—The appellant was convicted of a felony in the superior court for the city and county of San Francisco, and thereafter appealed from the judgment thereon to this court. A bill of exceptions having been settled and filed with the clerk, a demand was made upon that officer in behalf of the appellant to cause copies of the record and bill of exceptions to be printed and transmitted to this court, as provided by section 1246 of the Penal Code, and was refused. The appellant now seeks from this court an order requiring the clerk to comply with his demand. In answer to the motion the clerk states that his reason for not causing the record to be printed is that at the commencement of the present fiscal year the board of supervisors of said city and county appropriated the sum of two thousand dollars for the printing of transcripts on appeal in criminal cases, and that, as this amount is exhausted, printers have declined to print the transcript, for the reason that the board of supervisors will not pay them therefor.

Section 1246 of the Penal Code requires the clerk, within twenty days after the notice of appeal is filed with him, and the bill of exceptions, if any, has been settled by the judge, "to transmit to the appellate court fifteen printed copies of the notice of appeal, the record and of all bills of exceptions"; and also, within the same time, to "serve printed copies of the above-named papers, without charge, upon the defendant's attorney and upon the attorney general." This is an official duty imposed upon the clerk, and he is not excused from its performance by the failure of the board of supervisors to set apart a sufficient fund with which to pay the cost of the printing. Section 1246 further provides that the cost of the printing shall be a charge against the county, and the county is not exempt from this liability by a failure of the board of supervisors to set apart a sufficient fund therefor. Whether the cost of the printing shall be paid by the clerk in the first instance, or whether the person doing the work shall present his claim therefor to the board of supervisors, is immaterial. The statute makes it a charge against the county, and, as the incurring of the expense is not within the control of the board of supervisors, it is not competent for that body to determine the amount that shall be expended therefor, or by setting apart an insufficient fund absolve the clerk from his duty to cause the

record to be printed and transmitted to the clerk of this court. (See *San Francisco v. Broderick*, 111 Cal. 302.)

The order asked for is granted.