[S. F. No. 2812.   In Bank.—June 17, 1902.]

W. H. GARNETT, Respondent, v. S. H. BROOKS, Treasurer, etc., Appellant.

CHARTER OF SAN FRANCISCO—CIVIL SERVICE EXAMINATIONS—COPYISTS IN RECORDER'S OFFICE—INJUNCTION IN FORMER ACTION.—Copyists in the recorder's office are employees within the prohibition of the injunction against examination thereof by the civil service commissioners, affirmed by this court in the former action of *Crowley* v. *Freud*, 132 Cal. 440; and the recorder may appoint such copyists, without reference to a civil service examination.

ID.—CONSTRUCTION OF CONSTITUTION—"DEPUTIES."—Section 8½ of article XI of the state constitution is to be liberally construed; and the word "deputies" as used therein is to be construed in its larger sense, and includes, generally, all the employees of a county officer. [Per McFarland, J., Beatty, C. J., and Garoutte, J.]

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Franklin K. Lane, City Attorney, for Appellant; Pippy & Bahrs, *Amici Curiæ*, also for Appellant.

Bartlett & Bartlett, for Respondent.

McFARLAND, J.—The learned judge of the court below in granting the writ of mandate from which this appeal is taken, after stating that the question to be decided was whether certain provisions of the charter of the city and county of San Francisco apply to copyists in the recorder's office, said as follows: "The case of *Crowley* v. *Freud,* 132 Cal. 440, is, in my opinion, decisive of this case. It was there held that the recorder is a county officer, and that it was not competent for the charter to provide for the qualifications of either the recorder or his deputies. It has been suggested that the case does not come within the rule of that case, for the reason that a copyist is not a deputy. The record in that case, however, shows that, by the order of injunction made by the superior court, and which was affirmed by the supreme court, the civil service commissioners were prohibited from holding examinations for either deputies or *employees* in the recorder's office. As the civil service commissioners cannot hold an examination for copyists without violating the injunction, unless the recorder can make the appointment independently of any action on their part, it will be impossible for him to perform the duties of his office. . . . In the act of 1861, the persons who performed the duties of copyists are denominated 'deputy clerks.' I think that the word 'deputies,' as used in section $8\frac{1}{2}$ of article XI of the constitution, should be liberally construed, so as to include all the subordinates of a county officer; and such seems to have been the view of the supreme court in sustaining the injunction prohibiting the commissioners from holding examinations for employees of the recorder. Thus construed, it was competent for the charter, under the rule of *Crowley* v. *Freud,* to provide for the appointment and compensation of copyists in the recorder's office, but not for their qualifications." These views, in our opinion, present a correct statement of the law governing this case. In the arguments and briefs in *Crowley* v. *Freud* no distinction was made between those employees of the county officers who are called deputies in the charter and those who are not so called; the order granting the injunction in that case from which the appeal was taken included all the employees of said officers, and the order granting the injunction was wholly affirmed. In a petition for a rehearing the attention of the court was called to the fact that the injunction covered employees other

than those called in the charter deputies, and the suggestion
was made that, at least, the injunction should be modified in
that regard; but the court refused to grant a rehearing or
to modify the injunction. The word "deputy" in section $8\frac{1}{2}$
of article XI of the constitution, as construed in *Crowley* v.
*Freud*, is employed in its larger and very usual sense, and
includes, generally, all the employees of a county officer, and
not in the more narrow sense in which it is no doubt some-
times used in statutes to distinguish some émployees from
others. And the use of the word in the larger sense is in
accord with the principle declared in *Crowley* v. *Freud*, that
a grant of sovereignty by the people of the whole state to a
local municipality will be liberally construed in favor of the
former.

The judgment appealed from is affirmed.

Beatty, C. J., and Garoutte, J., concurred.

Temple, J., concurred in the judgment.

VAN DYKE, J., concurring.—I concur in the judgment.
The injunction order in *Crowley* v. *Freud* prohibits the civil
service commissioners from holding examinations of the em-
ployees of the recorder—such as copyists and stenographers—
as well as of his deputies.

The recorder is therefore driven to the necessity of em-
ploying such assistants without a civil service examination
or not at all; and unless such employees can be paid, the busi-
ness of the office would be practically suspended. I do not,
however, think that the employees referred to are deputies
within the meaning of the law; nor is it necessary to so hold
in order to affirm the judgment.