[Civ. No. 349. First Appellate District.—April 18, 1907.]

ROBERT W. HARRISON, Appellant, v. S. W. HORTON,
Auditor, etc., Respondent.

SAN FRANCISCO CHARTER—ASSISTANT DISTRICT ATTORNEY—ORDINANCE
PROVIDING ADDITIONAL ASSISTANT—SALARY—MANDAMUS.—An ordi-
nance of the city and county of San Francisco, duly passed, pro-
viding for the appointment of an additional assistant district at-
torney to those authorized by the charter, makes him a legal as-
sistant or deputy district attorney, and the appointment is of the
same dignity as if the ordinance had been embodied in the charter;
and *mandamus* will lie to compel the auditor to draw a warrant
for his salary payable out of the general fund, as fixed in the or-
dinance.

ID.—CONSTRUCTION OF CHARTER—SPECIFIC APPROPRIATION—SALARY OF
OFFICER.—The provision of the San Francisco charter forbidding
the auditor to draw warrants except upon an unexhausted specific
appropriation has no application to the salary of an officer fixed un-
der express authority of the charter in a valid ordinance.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Richard C. Harrison, for Appellant.

Maurice L. Asher, for Respondent.

COOPER, P. J.—This appeal is from a judgment deny-
ing appellant's application for a writ of *mandamus*, to compel
the respondent to audit a demand upon the treasury of the
city and county of San Francisco for the salary of appellant,
as assistant district attorney, for the month of July, 1906. It
is conceded that there is money in the general fund in the
treasury of the city and county of San Francisco sufficient
to pay the claim; that such money has not been appropriated
to the payment of any claim or demand upon the said treas-
ury, and that proper demand has been made upon the respond-
ent.

The respondent contends that the board of supervisors had made no specific appropriation of money for the payment of appellant's salary for the fiscal year beginning July 1, 1906, and upon this ground claims that his refusal was justified, and this was the view taken by the judge of the superior court. It will, therefore, be necessary to consider the nature of the demand, and the law relative thereto.

Under the charter of the city and county of San Francisco (art. V., sec. 3), the district attorney is authorized to appoint seven assistant district attorneys, who shall each receive an annual salary of $3,600. The district attorney appointed seven assistant district attorneys under the authority above cited, and appellant was not one of the seven so appointed.

The charter further provides (art. XVI, sec. 35) that when any officer shall require additional deputies, application shall be made to the mayor, who shall make investigation as to the necessity for such additional deputies, and if he find the same necessary he may recommend to the supervisors to authorize the appointment of such additional deputy, and thereupon the supervisors, by an affirmative vote of not less than fourteen members, may authorize such appointment and provide for the compensation of such deputy.

It will thus be seen that it was the intention of the framers of the charter to prevent the appointment of deputies unless deemed necessary by the principal officer, the mayor and fourteen of the supervisors.

Application having been made by the district attorney to the mayor, and the mayor finding it to be necessary, recommended to the supervisors the appointment of an additional assistant district attorney. Upon such recommendation the board of supervisors, on the twenty-ninth day of May, 1905, duly adopted an ordinance, authorizing the district attorney to appoint an additional assistant district attorney at a salary of $250 per month, which ordinance was duly approved by the mayor. On January 8, 1906, the district attorney, in pursuance of the charter, and the ordinance so adopted by the board of supervisors, duly appointed the appellant such additional assistant district attorney. Appellant duly qualified, took the oath of office, and entered upon the discharge of his duties, and his appointment has not been revoked or annulled. He performed the duties required of him as such assistant district attorney for the month of July, 1906, and has

never been paid therefor. Having performed the services for
the city, by the express appointment of the district attorney
under the authority of the charter, he should be paid, un-
less the charter plainly prohibits such payment. The conten-
tion is that the payment is prohibited by reason of the charter
(art. III, chap. 1, secs. 6, 7), which provides: "Except as
otherwise provided in this charter, no money shall be drawn
from the treasury unless in consequence of appropriations
made by the supervisors, and on warrants duly drawn thereon
by the auditor. No warrant shall be drawn except upon an
unexhausted specific appropriation."

Does this provision apply to the salary of an assistant dis-
trict attorney?

The appellant, after his appointment and qualification, held
the office by the same title and from the same source as the
seven other assistant district attorneys. His compensation was
different, and perhaps the duration of his term less certain;
but he was one of the assistant district attorneys, and may
be said to be the eighth one. Seven were appointed under the
direct authority of the charter. Appellant was appointed un-
der the authority of the ordinance, which in turn was author-
ized by the charter. After the ordinance was passed it must
be read into and as a part of the charter for the purposes of
this case, and when so read the district attorney had the au-
thority to appoint eight assistant district attorneys. The
charter is itself a law of the state. (*People* v. *Williamson*, 135
Cal. 418, [67 Pac. 504].) The ordinance was a statute of the
city and county of San Francisco, consistent with and au-
thorized by the charter, and when the ordinance was passed
and the appellant appointed he received his appointment un-
der a law of the state, to wit, the charter. The appointment
is of the same weight and dignity as if the ordinance had been
embodied in the charter at the time of its adoption. (*Murphy*
v. *City of San Luis Obispo*, 119 Cal. 625, [51 Pac. 1085]; *City
of San Luis Obispo* v. *Fitzgerald*, 126 Cal. 279, [58 Pac. 699].)
An assistant district attorney is in fact a deputy district at-
torney. (*People* v. *Turner*, 85 Cal. 432, [24 Pac. 857]; *Gar-
nett* v. *Brooks*, 136 Cal. 585, [69 Pac. 298].)

The charter contains the provision (art. III, chap. 1, sec. 15)
that "the board of supervisors shall authorize the disburse-
ment of all public moneys except as otherwise specifically pro-

5 Cal. App.—27

vided in this charter." The charter specifically provides for the salary of the district attorney and his seven assistants. When the ordinance was passed it specifically provided for the salary of the eighth assistant, and this with the direct authorization of the supervisors. We cannot persuade ourselves that the salaries of the district attorney and of his assistants shall go unpaid because the board of supervisors did not specifically set apart a fund sufficient for their payment in full. The charter does not contemplate that the machinery of the district attorney's office shall be stopped by reason of the errors or willful neglect of the board of supervisors—an independent branch of the city government. The object of the charter is to provide safeguards against the willful and careless expenditure of the public moneys by the board of supervisors, but the board of supervisors has nothing to do with the payment of the salaries of the officers of the city. Such salaries are fixed by law and must be paid.

In *Cashin* v. *Dunn,* 58 Cal. 581, the auditor refused to audit the salary of plaintiff, who had been appointed a deputy in the office of the superintendent of streets, on the ground that the board of supervisors in fixing the tax levy for the current fiscal year had not appropriated a sufficient amount to pay the salaries of the deputies appointed under the law, and that the allowance was prohibited by the act of February 25, 1878, known as the one-twelfth act. The court held that the "One Twelfth Act" had no application "to the auditing and payment of demands for salaries of officers whose appointment is provided for and salaries fixed by law." (Stats. 1877-78, p. 111.) The writ was ordered to issue.

In *Welch* v. *Strother,* 74 Cal. 413, [16 Pac. 22], the defendant refused to audit the demand of the plaintiff for his salary as deputy clerk for the month of July, 1887. The appropriation made by the board of supervisors was insufficient, and the "One Twelfth Act" was relied upon. The court said: "Salaries are not liabilities against the treasury which rest upon any authorization or contract by the board of supervisors, or any other officer. They are fixed by law, and not subject to the control of such officers. They are payable out of the general fund, and are not limited to any particular part of that fund which the board may choose to set apart for their payment." The writ was issued.

In *Lewis* v. *Widber*, 99 Cal. 412, [33 Pac. 1128], which was an application for a writ of mandate against the treasurer of the city and county of San Francisco to compel the payment of the plaintiff's salary as chief clerk of the register of voters, it was held that such salary was payable out of the general fund without regard to the revenues of the previous years. The opinion states: "Our conclusion is that the payment of the salary of a public officer whose office has been created and salary fixed by law, either statutory or constitutional, is not within the provision of said section 18 of article IX of the constitution; that his salary is to be paid out of said general fund when there is sufficient money therein, without regard to revenues of separate years; and that it was a duty specifically enjoined by law upon respondent to pay the said audited demand of petitioner when it was presented on said third day of July."

To the same effect see *City and County of San Francisco* v. *Broderick*, 111 Cal. 302, [43 Pac. 960]; *People* v. *Black*, 120 Cal. 553, [52 Pac. 840]; *Stevens* v. *Truman*, 127 Cal. 155, [59 Pac. 397].

The principle upon which all the above cases were decided is that the restrictions which the organic act imposes upon the setting aside of funds and payment of money out of the treasury do not apply to the payment of demands arising out of liabilities which are placed by law beyond the control of the board of supervisors. The board of supervisors had control in the first place of the question as to whether or not they would authorize the appointment of appellant as assistant district attorney. After having authorized his appointment and after his receiving the appointment and performing the services, the demand for the salary in payment of such services is beyond the control of the supervisors. The cases cited were all relative to the restrictions of the constitution or the one-twelfth act, but they apply in their reasoning with equal force to the charter of the city and county of San Francisco.

The provisions discussed in the cases cited were as stringent as the provisions of the charter.

The late case of *Jackson* v. *Baehr*, 138 Cal. 266, [71 Pac. 167], arose after the adoption of the present charter. It was there held that the fact that the board of supervisors of the city and county of San Francisco had set apart a special fund for the fees of the trial jurors in criminal cases, and that this

fund was exhausted, is no defense to a *mandamus* to compel the auditor to draw his warrant upon the county treasurer for fees of jurors for each day's attendance upon the court. It is there said: "It is claimed by the defendant that the board of supervisors has set apart $16,000 for trial jurors in criminal cases, and that this fund is exhausted. That he is expressly forbidden by the charter of the city and county to draw any warrant except upon an unexhausted specific appropriation. It is sufficient, in answer to this, to say that the superior courts are state courts, and criminal cases concern the state and are state affairs. The charter provides that the income and revenue of the city shall be apportioned and kept in separate funds. Among the various funds mentioned is the general fund, which shall consist of moneys received into the treasury and not specifically appropriated to any other fund." It was certainly not intended by the charter to prohibit the payment of any claim out of the general fund, and yet this would be the result of respondent's contention that "no warrant can be drawn except upon an unexhausted specific appropriation."

It has been held that the controller cannot refuse to draw a warrant for a salary fixed by law merely because the legislature had failed to make a specific appropriation. That the fixing of the salary payable monthly out of any money not otherwise appropriated was sufficient. (*Humbert* v. *Dunn,* 84 Cal. 57, [24 Pac. 111].)

We have discussed the case thus far without reference to the question that an appropriation was in fact made. The bill of exceptions shows that prior to July 1, 1906, the board of supervisors made a budget, and appropriated for the fiscal year commencing July 1, 1906, "$36,200 for the salaries of district attorney, his assistants, clerks, stenographer and bond and warrant clerks." Appellant was one of the assistant district attorneys, and included in the appropriation. It cannot be said that, because the appropriation was enough for the officers named with the exception of one assistant district attorney, the intention was to exclude this appellant. He was as much an assistant as either of the seven first appointed. The appropriation may become exhausted before the end of the fiscal year, but it certainly was not short for the very first month of the year.

Respondent claims that the appellant was not an officer, that his employment was only temporary, and that no annual salary was fixed. There is no merit in such contention. The charter (art. V, chap. 3, sec. 3) provides that the assistant district attorneys shall each, at the time of his appointment, be qualified to practice law, and to practice in all the courts of the state, and must have been so qualified for at least two years next preceding his appointment. Under the Political Code (sec. 865) the assistant or deputy possesses the powers and may perform the duties of his principal. The position was created under the charter, and by its express authority. The compensation was fixed by the body authorized in the charter to fix it. The duties are fixed by the charter and by statute, and are continuing duties. Such duties will continue while the place continues, although the person might be changed. This in our opinion made the appellant an officer within the rule prescribed by the authorities. (Mechem on Public Officers, sec. 38; *United States* v. *Maurice,* 2 Brock. 96, [Fed. Cas. No. 15,747] ; *Patton* v. *Board of Public Health,* 127 Cal. 397, [78 Am. St. Rep. 66, 59 Pac. 702].)

The judgment is reversed.

Kerrigan, J., and Hall, J., concurred.