[Civ. No. 1869.    First Appellate District.—May 1, 1916.]

## FEDERAL CONSTRUCTION COMPANY (a Corporation), Petitioner, v. ERIC WOLD, as Superintendent of Streets, etc., Respondent.

STREET LAW—PURCHASE OF PROPERTY FOR DELINQUENT ASSESSMENTS BY MUNICIPALITIES—CONSTITUTIONALITY OF IMPROVEMENT BOND ACT OF 1915.—The provision of the Improvement Bond Act, approved June 11, 1915, that a municipality, in the absence of any other purchasers, must purchase all property offered at delinquent sales for the nonpayment of street assessments, is not within the inhibition of section 18 of article XI of the constitution, which prohibits a municipality from incurring any liability not to be satisfied during the current fiscal year in which the same is incurred without support of a two-thirds vote of the electorate.

ID.—CONSTITUTIONAL LAW—INCURRING OF LIABILITIES BY MUNICIPALITIES—APPLICABILITY OF PROVISION.—The provision of section 18 of article XI of the constitution limiting the incurring of liabilities by municipalities only refers to acts or contracts of municipalities, and not to liabilities which the law places upon them.

ID.—NOTICE INVITING PROPOSALS—OMISSION TO RECITE ALTERNATIVE OF BOND—VALID CONTRACT.—A contract awarded for the doing of street work under the Improvement Act of 1911 is not void, because of the fact that the notice inviting proposals omitted to recite that the alternative of a bond for an amount not less than ten per cent of the aggregate of the proposal should accompany such proposal, where the resolution of intention provided that either a certified check in such amount, or a bond for such amount, should accompany the proposals.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the First Appellate District to compel the execution of a contract for street work.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck, and Kirkbride & Gordon, for Petitioner.

Heller, Powers & Ehrman, and John F. Davis, for Respondent.

THE COURT.—This is an application for a writ of mandate directed to the superintendent of streets of the city of Burlingame.

The petitioner is the contractor to whom was awarded the contract for the doing of certain street and other work in said city under the Improvement Act of 1911 (Stats. 1911, p. 730, approved April 7, 1911), and the Improvement Bond Act of 1915 (Stats. 1915, p. 1441, approved June 11, 1915). It is sought to obtain the order of this court that the respondent should enter into the contract with the petitioner for the doing of said work. The respondent has declined to sign said contract upon the ground, amongst others, that said Bond Act is unconstitutional, and upon the grounds of certain alleged irregularities in the proceedings leading up to the award of the contract.

With reference to the constitutional point, it appears that the Bond Act of 1915 provides that the municipality, in the absence of any other purchasers, must purchase all property offered at delinquent sales for the nonpayment of street assessments. It is contended that such a provision is in effect an incurring of liability not to be satisfied during the current fiscal year in which the same is incurred, and not supported by a two-thirds vote of the electorate, and hence violative of section 18 of article XI of the state constitution. This objection, if tenable, merely would render the provision requiring the municipality to purchase property offered at delinquent sales unconstitutional. It would not affect the validity of the balance of the act. However, it has been held that this section of the constitution only refers to the acts or contracts of a municipality, and not to liabilities which the law places upon municipalities (*Lewis* v. *Widber*, 99 Cal. 412,

[33 Pac. 1128]; *Welch* v. *Strother,* 74 Cal. 413, [16 Pac. 22]; *Cashin* v. *Dunn,* 58 Cal. 581).

Furthermore, it appears that under section 11 of this so-called Bond Act of 1915, a municipality can escape the responsibility for the purchase of property by the action of its council in providing for the collection of delinquent assessments by foreclosure suits. The liability, therefore, is in effect contingent upon the future acts of the municipality, and would not be within the constitutional restriction.

It is further contended that the resolution of intention was never published, for the reason that certain work is called for to be done upon a street named Cabrillo Avenue under the original resolution of intention and the plans and specifications, whereas, as published, the resolution called for work to be done upon Drake Avenue, a parallel street.

The particular work in question, however, was of a very minor nature compared to the aggregate of work called for, and it was otherwise properly described. In the resolution of intention the plans and specifications are referred to and made a part of the same, so that a property owner, upon examining the plans and specifications, original resolution of intention, and published resolution of intention was fully informed of the work proposed to be done.

A further ground of invalidity urged by the respondent is a defect in the notice given by the clerk of the city council inviting bids for doing the work. The statute provides that proposals shall be accompanied by a certified check or bond for an amount which shall not be less than ten per cent of the aggregate of the proposal (Improvement Act of 1911, sec. 10, Stats. 1911, p. 730). The resolution of the board of trustees conformed in all respects to the law; but the clerk, in the notice inviting proposals, called for a certified check in said amount, but failed to mention the alternative of a bond for said amount. The statute, however, does not require any recital in the clerk's notice with reference either to the certified check or bond. The act of the clerk was unauthorized, and, therefore, will be disregarded, and the notice which was authorized by the board of trustees be alone considered (*Belser* v. *Allman,* 134 Cal. 399, 402, [66 Pac. 492]).

It is also contended that no sufficient grades were established; but it appeared that proper resolutions fixing the

grades had been passed, in which certain elevations were stated, which elevations were referred to a pin in the cement curb in front of the Bank of Burlingame building, the elevation of which is 32.293 feet. It is contended that this does not show whether or not said pin or reference point is above or below any established datum or base, and, therefore, is indefinite. It is a matter of common knowledge, however, that elevations in this part of the state are commonly referred to height above sea level; and any engineer would, therefore, be able to determine the proper elevations fixed by the resolutions passed by the board.

The other points urged by the respondent do not seem to be worthy of especial consideration.

A peremptory writ of mandate will, therefore, issue forthwith in conformity with the prayer of the petition on file.