[No. 11561. In Bank. — December 2, 1887.]

F. A. T. SHAW, RESPONDENT, v. S. STATLER, TREASURER OF SAN DIEGO COUNTY, APPELLANT.

COUNTIES — PAYMENT OF INDEBTEDNESS — ANNUAL INCOME. — Under section 18 of article 11 of the constitution, the income and revenue provided for a county during a given fiscal year must be applied to the payment of the county indebtedness incurred during such year, before the payment of any indebtedness incurred during a preceding year can be made therefrom.

ID. — PRIORITY IN PAYMENT. — Section 77 of the county government act, providing that claims against a county are entitled to payment "according to priority of time in which they were presented," must be construed as requiring priority of payment only as between the warrants of any given year.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*E. W. Hendrick*, for Appellant.

*Works & Titus*, for Respondent.

HAYNE, C. — Application for writ of *mandamus* to compel the payment by the treasurer of San Diego County of two warrants which had been duly issued. The court below granted the writ as to the first warrant (No. 54), and denied it as to the second (No. 602). The petitioner has not appealed from the judgment denying the writ as to the second warrant, and therefore the questions argued as to it do not arise upon the record. The case comes up on the appeal by the defendant from the judgment granting the writ as to the first warrant. This warrant recites that it was issued upon a claim allowed by the supervisors "for services as boss of chain gang, *accrued* January —, A. D. 1886." The claim was audited and allowed on January 18, 1886, and the warrant was issued on the 27th of the same month. The

validity of this warrant is not questioned;. and the fact appears to be, that there was at the time of its presentation enough money in the fund upon which it was drawn to pay it and all the other warrants upon claims accruing during that fiscal year.   The treasurer, however, refused to pay it, on the ground that certain outstanding warrants for previous years had been previously presented, and that there was not enough money in the treasury to pay these outstanding warrants and the one involved here.   And in support of his action we are referred to section 77 of the county government act, which provides that claims are entitled to payment " according to priority of time in which they were presented."   The question is, whether these outstanding warrants furnish any reason why the treasurer should not pay the one sued on.

Section 18 of article 11 of the constitution provides that " no county, city, town, township, board of education, or school district shall incur any indebtedness or liability in any manner, or for any purpose, exceeding in any year the income and revenue provided for it for such year, without the assent of two thirds of the qualified electors."   It will be observed of this provision that it refers in terms to the *incurring* of indebtedness, and not expressly to its payment.   There is no express provision that the income and revenue of each year shall be applied to the payment of the indebtedness of such year. But we think that such is the necessary implication. For unless this is so, all the income and revenue of a given year might be taken up at its commencement, in the payment of old claims, and there being no more income or revenue for that year, no more indebtedness could be incurred, and the business of the city, county, or other body would have to stop, which could not have been the intention.

In *San Francisco Gas Co.* v. *Brickwedel,* 62 Cal. 642, the court said: "Each year's income and revenue must

*pay* each year's indebtedness and liability, and that no indebtedness or liability incurred in any one year *shall be paid* out of the income or revenue of any future year." This was only a *dictum*, for the proceeding in that case was to compel the *auditing* of a demand. It therefore involved only the validity of the demand, and not the disposition of the funds then in the treasury. But we think it is a correct exposition, at least so far as the revenue of any particular year is required for the expenses of that year. It is not necessary in this case to decide whether, if anything be left over after payment of the expenses of the year, the surplus could be applied to the payment of any outstanding claims for previous years, which might happen to exist, and be valid.

It results that section 77 of the county government act must be construed to apply primarily as between the warrants of any given year. We do not see that it is necessary to pass upon the question whether an indebtedness is " incurred " when a service is rendered, or when the claim is audited, and a warrant therefor is issued. We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

TEMPLE, J., dissented.