[No. 11399.   In Bank: — March 31, 1888.]

L. SCHWARTZ ET AL., APPELLANTS, v. S. W. WIL-
SON, AUDITOR, ETC., RESPONDENT.

COUNTIES — INDEBTEDNESS — PAYMENT — CONSTITUTIONAL LAW. — Under
section 18 of article 11 of the constitution, and section 36 of the county
government act, a county indebtedness incurred during a given fiscal
year cannot be paid out of the income or revenue of any future year.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County.

The facts are stated in the opinion of the court.

J. M. Wilcoxon, and R. B. Treat, for Appellants.

Ernest Graves, and Graves, Turner & Graves, for Re-
spondent.

SEARLS, C. J.—This is an application for a writ of
mandate to compel the respondent, Wilson, as auditor
of the county of San Luis Obispo, to draw his warrant
on the county treasurer in favor of Schwartz and Beebee
for $195.30.

A demurrer was sustained to the petition in the supe-
rior court, and appellants electing to stand upon such
petition without amending, judgment dismissing the
application was entered, from which judgment this
appeal is taken.

It appears from the verified petition filed on applica-
tion for the writ, that Schwartz & Beebee, as copartners,
on the 20th of March, 1884, sold and delivered goods,
wares, and merchandise the value of $195.30 to the
county of San Luis Obispo; that on April 20, 1884,
the demand therefor, duly itemized and verified, was
filed with the clerk of the board of supervisors of said
county; that on the seventh day of January, 1885, the
demand was by the board of supervisors allowed for the

full amount thereof, and ordered paid "out of the funds of road district No. 1."

At the date of the sale and delivery of the goods there was money unappropriated and in excess of all outstanding indebtedness of said road district No. 1, in the county treasury to the credit of said road district, and this claim, together with the other liabilities before that time accrued, were not in excess of the revenue actually provided for the year 1884 for said road district.

The goods were sold and delivered to and for road district No. 1.

On or about August 19, 1884, road district No. 1 was changed to road district No. 7, which latter district succeeded to all the rights, funds, and liabilities of No. 1.

On the fourteenth day of July, 1885, the claim of petitioner being unpaid, the board of supervisors entered the following order:—

"It appearing to this board that there is a surplus of money in road fund of road district No. 7, for the fiscal year ending June 30, 1885, and there is no outstanding claims against road district No. 7 for fiscal year ending June 30, 1885,—and that $804.75 is remaining in said fund,—now, under the power invested in us under subdivision 20, section 25, of an act to establish a uniform system of county and township government, approved March 14, 1883, we hereby order that $334.85 belonging to and in said road fund district No. 7, for fiscal year ending June 30, 1885, be and the same is transferred to the general road fund, and to pay the claims, No. 60, Phelix Dolan, for $26.50; No. 64, Patrick Murphy, for $7; No. 71, Albert Smith, $29; No. 73, Schwartz & Beebee, $195; No. 583, T. J. Williams, $77.35. And the county auditor and county treasurer of San Luis Obispo will make the proper entries in their books, and otherwise comply with this order. By the board of supervisors of San Luis Obispo County, California."

That on the day last aforesaid the said board of super-

visors, by an order duly made and given, made and passed their order in the words and figures following, to wit:—

"Whereas, this board did on the 7th of January, 1885, examine, allow, and order paid from the district No. 1 fund (road fund) the following claims, to wit: No. 60, claim of Phelix Dolan, for $26.50; No. 64, claim of Patrick Murphy, $7; No. 71, claim of Albert Smith, $29; No. 73, claim of Schwartz & Beebee, $195; No. 583, claim of T. J. Williams, $77.35; and whereas, it appears that at the time of said allowance of said claims that there was no funds belonging to or in district No. 1 (road) fund; but that the same was an impoverished fund and road district,—now, the said orders, so far as they order said claims paid from district No. 1 (road) fund, are hereby revoked, and said claims are examined, allowed, and ordered paid out of the general road fund of the county as follows: No. 60, claim of Phelix Dolan for $26.50; No. 64, claim of Patrick Murphy for $7; No. 71, claim of Albert Smith for $29; No. 73, claim of Schwartz & Beebee for $195; No. 583, claim of T. J. Williams for $77.35. By the board of supervisors, San Luis Obispo County, California, July 14, 1885."

Duplicate lists of the claims allowed, and orders for the payment of money, were prepared as by law provided, and, duly signed, were delivered to the auditor in due time, and a demand was made upon the auditor for a warrant on the treasurer in favor of appellants, which was refused, and thereupon, and on the ninth day of November, 1885, the application for a writ was filed.

From the foregoing statement, it clearly appears that the supplies were furnished, and the claim therefor filed, April 12, 1884,—that is to say, during the fiscal year which ended June 30, 1884.

There was at that time sufficient money in the fund of road district No. 1 to pay the demand.

The petition shows that it was ordered paid on the

14th of July, 1885, out of the general road fund of the county, which had been provided for the fiscal year 1885, or at least it fails to show, as it should have done, that the claim was ordered paid out of the funds provided for such purpose for the fiscal year ending June 30, 1884.

In *San Francisco* v. *Brickwedel*, 62 Cal. 641, it was said: "Each year's income and revenue must pay each year's indebtedness and liability, and no indebtedness or liability incurred in any one year shall be paid out of the income or revenue of any future year."

The eighteenth section of article 11 of our constitution provides that, in cases like the present, no indebtedness or liability shall in any manner, or for any purpose, be incurred exceeding in any year the income and revenue provided for such year.

Section 36 of the county government act contains substantially the same provision as the constitution, and after providing a method by which to estimate and determine the amount which may be allowed against each fund, then proceeds to declare in reference to supervisors as follows:—

"The board shall have no power to make allowances against any fund which, with allowances previously made, and salaries and liabilities fixed by law payable therefrom, shall exceed the auditor's estimate of revenue for the year. . . . . Any allowance made contrary to the provisions of this section shall be null and void, and the auditor shall not draw his warrant therefor, nor the treasurer pay the same."

Under section 2651 of the Political Code, it was proper for the board to order petitioners' claim paid out of the general road fund, instead of out of the fund of district No. 1, or, what is the same thing, its successor, No. 7, subject, however, as therein provided, to the proviso that the appropriation should not be in excess of the estimated receipts of the current year. Were the ques-

tion discussed in *San Francisco* v. *Brickwedel* a new one, we might hesitate in reaching the conclusion arrived at there; but in view of the very salutary influence it is calculated to exercise over public affairs, and in view of the fact that since 1882 all persons dealing with these municipalities must be presumed to have done so in view of the constitutional construction given in that case, we are not inclined to overturn it.

We deem it conclusive of the present case, and the judgment appealed from is affirmed.

PATERSON, J., McFARLAND, J., THORNTON, J., SHARP-STEIN, J., and McKINSTRY, J., concurred.