[No. 15542. In Bank.—August 30, 1893.]

GEORGE E. LEWIS, PETITIONER, *v.* J. H. WIDBER, RESPONDENT.

SALARY OF PUBLIC OFFICER—CONSTITUTIONAL LAW—LIMIT OF INDEBTEDNESS OF MUNICIPAL BODY.—The payment of the salary of a public officer, whose office has been created and salary fixed by law, is not within the prohibition of section 8 of article XI. of the constitution prohibiting any county, city, township, etc., from incurring "any indebtedness or liability in any manner, or for any purpose, exceeding in any year the income and revenue provided for it for such year, without the assent of two thirds of the qualified voters," which refers only to indebtedness or liability incurred by the act or conduct of the municipal body.

— SALARY OF CLERK OF REGISTRAR OF VOTERS—PAYMENT FROM GENERAL FUND—DUTY OF TREASURER—MANDAMUS.—The salary of the chief clerk of the registrar of voters for the city and county of San Francisco is payable out of the general fund when there is sufficient money therein, without regard to revenues of previous years, and it is the duty of the treasurer specially enjoined by law to pay the audited demand of such clerk for his salary, which will be enforced by writ of mandate.

APPLICATION to the Supreme Court for a writ of mandate to the treasurer of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*S. C. Denson*, for Petitioner.

*T. C. Van Ness*, for Respondent.

McFARLAND, J.—This is an original application here for a writ of mandate requiring the respondent, who is treasurer of the city and county of San Francisco, to pay an audited claim of petitioner for his salary as chief clerk in the office of registrar of voters, for the month of June, 1893.

The facts are that the office of petitioner was established, and his salary fixed at one hundred and fifty dollars per month, by a statute of the state legislature; that when, on August 3, 1893, he made demand on the respondent for the payment of his claim for salary for the month of June preceding, there was plenty of money in the general fund of said city and county to pay the same; but that there was no money in said fund which had been derived from the revenues of the city for the fiscal year ending June 30, 1893. The charter of said city and county — commonly called "the Consolidation Act"—provides that the fixed salaries of officers shall be paid out of the general fund;

and that in case of a deficiency in the fund, demands for salaries shall be registered and paid out of any moneys afterwards coming into the fund. (Secs. 95, 96.) It nowhere limits the payment of such salaries to the revenue of any particular year.

The respondent contends—or, rather, he suggests that somebody else might give him trouble by contending—that he should not pay petitioner's salary on account of section 18 of article XI. of the state constitution, which reads as follows: "No county, city, town, township, board of education, or school district, shall incur any indebtedness or liability in any manner, or for any purpose, exceeding in any year the income and revenue provided for it for such year, without the assent of two thirds of the qualified voters," etc. It is quite apparent, however, that this clause of the constitution refers only to an indebtedness or liability which one of the municipal bodies mentioned has itself incurred—that is, an indebtedness which the municipality has contracted, or a liability resulting, in whole or in part, from some act or conduct of such municipality. Such is the plain meaning of the language used. The clear intent expressed in the said clause was to limit and restrict the power of the municipality as to any indebtedness or liability which it has discretion to incur or not to incur. But the stated salary of a public officer fixed by statute is a matter over which the municipality has no control, and with respect to which it has no discretion; and the payment of his salary is a liability established by the legislature at the date of the creation of the office. It, therefore, is not an indebtedness or liability incurred by the municipality within the meaning of said clause of the constitution.

Counsel for respondent does not very strenuously contend that the foregoing construction would not be the correct one if the question were *res integra;* but he contends that this court has decided otherwise in the cases of *San Francisco Gas Co.* v. *Brickwedel,* 62 Cal. 641; *Shaw* v. *Statler,* 74 Cal. 258, and *Schwartz* v. *Wilson,* 75 Cal. 502. But the point under discussion here was not involved in either of those cases, and therefore could not possibly have been there decided. In neither of those cases was the subject of the litigation the payment of the

fixed salary of a public officer prescribed by law. In each case there was involved only an ordinary debt created by the municipality itself—an indebtedness which it had incurred; and we agree with the decision of the court in those cases that debts and liabilities of that kind must be paid out of the revenue of the year in which such indebtedness or liability was incurred by the municipality. In the Brickwedel case the matter involved grew out of a contract made by the city about the purchase of gas; in Shaw v. Statler, 74 Cal. 258, out of the hiring of a man as boss of the chain gang; and in Schwartz v. Wilson, 75 Cal. 502, out of a sale to the county of certain goods, wares, and merchandise. Those cases were, therefore, properly decided; but, of course, general language used by a judge when delivering the opinion of the court must be considered with reference to points before the court and the matters involved in the case. And the general language used by Mr. Justice Ross in the Brickwedel case—upon which the fears of respondent are based—even if taken in the abstract, does not warrant the construction put upon it. The words "no such indebtedness or liability should be incurred exceeding," etc., means incurred by the municipality; and in speaking of the object of the provision, he refers to a system previously prevailing in some of the municipalities "by which liability and indebtedness were incurred by them far in excess," etc. And in speaking of the result of the enforcement of the constitutional provision, after referring to the principle that all are presumed to know the powers of a municipality, he says that "those who contract with it, or furnish it with supplies, do so with reference to the law." And, of course, when taken with reference to the point then before the court, there is nothing in the opinion which conflicts with the conclusion at which we have arrived in the case at bar. The cases cited by respondent of People v. May, 9 Colo. 404, and Lake Co. v. Rollins, 130 U. S. 662, are not in point. Those cases dealt with a constitutional provision very different from the one invoked in the case at bar—a provision which limited the amount of "debt by loan" which a county could contract, and the "aggregate amount of indebtedness" which it could incur.

On the other hand, the cases of Cashin v. Dunn, 58 Cal. 581,

and *Welch* v. *Strother*, 74 Cal. 413, are strongly in point; for while the "one-twelfth act," and not the said constitutional provision, was involved in those cases, still the same rule was applied there which we apply here. In the former case the court said that the said act "has no application whatever to the auditing and payment of demands for salaries of officers whose appointment is provided for and salaries fixed by law"; and in the latter case this court said as follows: "Salaries are not liabilities against the treasury which rest upon any authorization or contract by the board of supervisors, or any other officer. They are fixed by law, and are not subject to the control of such officers. They are payable out of the general fund, and are not limited to any particular part of that fund which the board may choose to set apart for their payment."

Our conclusion is that the payment of the salary of a public officer whose office has been created and salary fixed by law, either statutory or constitutional, is not within the provision of said section 18 of article XI. of the constitution; that his salary is to be paid out of said general fund when there is sufficient money therein without regard to revenues of separate years; and that it was a duty specially enjoined by law upon respondent to pay the said audited demand of petitioner when it was presented on said third day of July.

Let a peremptory writ of mandate issue as prayed for in the petition.

FITZGERALD, J., GAROUTTE, J., DE HAVEN, J., and HARRISON, J., concurred.

BEATTY, C. J., did not participate in the decision of the above cause.