(May 25, 1896.)

## THEISS v. HUNTER.

[45 Pac. 2.]

CITIES—INDEBTEDNESS—PAYMENT.—Under section 3, article 8, constitution of Idaho, and sections 82 and 86, of an act concerning cities and villages (2d Sess. Laws 1893, p. 124), a city indebtedness incurred during one fiscal year cannot be paid from the income or revenue of a future fiscal year, unless a fund is especially provided for that purpose, and collected therefor in such future year.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, for Appellants.

The first cause of action of plaintiffs is based upon a warrant issued against the general fund of the city of Moscow in the year 1892, and that a *mandamus* was asked to compel the city treasurer to issue a call for and to pay this warrant out of the moneys in his hands derived from taxes levied and assessed under ordinance passed and approved on August 5, 1895. The query then is, Are the moneys of a municipal corporation, as shown by the pleadings in this case, which are collected for the fiscal year of 1895, properly applicable to the payment of an indebtedness incurred by the city in the year 1892? A city warrant issued in the year 1892 is entitled to be paid in accordance with the provisions of law as it existed at that time; and it is the duty of the city to make provisions for the payment of said warrants under the statute under which they were issued. The failure of the city to make such provisions should not be permitted to work injury upon the holder of her warrants. The right of a holder of a city warrant to have the same paid in the manner prescribed by the law under which the same was issued is a vested right, and future legislation cannot devest the same. (*Taylor v. Burk,* 5 Cal. 332; *McCall v. Harris,* 6 Cal. 282.) Section 2233 of the Revised Statutes of Idaho contemplates the payment of all warrants upon presentation, and if thereafter the warrants were presented, but not paid for lack of funds, when, as it is alleged and admitted, that said warrant was issued against an appropriated fund for that purpose, then the holder of the warrant should not be the one to suffer, and we claim that this warrant was entitled to be paid in the order of its date of registration out of any funds in the hands of the city treasurer belonging to the fund upon which it was drawn, regardless of the source of the derivation of said funds, for the reason that the law in force at the time of the execution of a warrant would of necessity establish its right to payment, and the city council of Moscow would have no right to pass any ordinance to divert the moneys of the general fund of the city into other channels, to the detriment of the holders

of these warrants. (*Freehill v. Chamberlain,* 65 Cal. 603, 4 Pac. 646; *County of Lincoln v. Luning,* 133 U. S. 529, 10 Sup. Ct. Rep. 363; 33 L. ed. 766; *La France Fire Eng. Co. v. Davis,* 9 Wash. 600, 38 Pac. 154.) The Session Laws of Idaho of 1893, relating to the levy of a tax by a municipal corporation for the fiscal year, do not limit the application of the funds derived from such taxes to the payment of the warrants issued in that year for which the tax was levied. (*Mason v. Purdy,* 11 Wash. 591, 40 Pac. 130.)

G. G. Pickett, for Respondent.

We concur with appellants that a warrant issued in the year 1892 is entitled to recognition under the laws in force at the time of its issuance. Counsel cites section 2233 of the Revised Statutes of Idaho; but section 3 of article 8 of the constitution of Idaho was the law of the state of Idaho at the time of the issuance of the warrants in question, and in all matters concerning payment should govern, as the constitution was in full force the date of such issuance. (*Bannock Co. v. Bunting,* ante, p. 156, 37 Pac. 279; *San Francisco Gas Co. v. Brickwedel,* 62 Cal. 642; *Shaw v. Statler,* 74 Cal. 258, 15 Pac. 833; *Schwartz v. Wilson,* 75 Cal. 502, 17 Pac. 449; *City of East St. Louis v. United States,* 110 U. S. 325, 4 Sup. Ct. Rep. 21, 28 L. ed. 162.) The city is limited to a ten mill tax for general revenue purposes; but where a deficiency is shown to exist, resulting from either outstanding debts or excess of ordinary expenses over the funds available for that purpose, the city council has power to proceed according to law and levy an assessment sufficient to meet the deficiency without regard to the ten mill limitation.

SULLIVAN, J.—This suit was brought for a writ of mandate to compel the treasurer of the city of Moscow, Latah county, to pay two certain city warrants—one issued August 5, 1892, and drawn on the general fund; and the other on the sixth day of August, 1894, and drawn on the waterworks fund of said city. This case was submitted to the court on an agreed statement of facts. The writ of mandate was denied, and a

judgment of dismissal entered. This appeal is from the order denying the said writ, and from the judgment of dismissal. Both the order and judgment are assigned as error.

The validity of said warrants is not questioned. It is admitted that the one first mentioned was presented for payment on the fifth day of August, 1892, and not paid, for want of funds; and that the other was presented for payment on the first day of September, 1894, and not paid for the same reason. It is also admitted or stipulated that the council of said city, on the fifth day of August, 1895, duly passed an ordinance making appropriations for the payment of the salaries of city officers, for lighting the city, for the fire department, for street improvement, for running waterworks, including engineer's salary, and for general miscellaneous expenses for the fiscal year ending the first Tuesday of May, 1896, and for the payment of interest for one year on the bonded indebtedness of said city, and to provide a sinking fund to pay said bonded indebtedness, and to pay cemetery and contingent expenses. A tax of ten mills on the dollar was duly levied on all of the taxable property within the said city, under and by virtue of said ordinance, and collected; and appellants demand the payment of said warrants out of the fund thus created. The treasurer refused to pay said warrants, on the ground that said funds were only applicable to pay warrants drawn thereon since the first Tuesday in May, 1895, and during the fiscal year ending on the first Tuesday in May, 1896.

Under that state of facts, the court is asked to answer the following questions: 1. "Are the moneys of a municipal corporation as shown herein, by the pleadings herein, collected for the fiscal year of 1895, properly applicable to the payment of indebtedness incurred by the city for the year 1892?" 2. The second question is the same as the first, except it is stated that the indebtedness was incurred by the city for the year 1894.

We answer both of the queries in the negative. Section 3 of article 8 of the constitution of the state of Idaho provides as follows: "No county, city, town, township, board of education, or school district, or other subdivision of the state, shall incur any indebtedness or liability in any manner or for any purpose,

exceeding in that year the income or revenue provided for it for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose, nor unless before or at the time of incurring such indebtedness provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty years from the time of contracting the same. Any indebtedness or liability incurred contrary to this provision shall be void; provided, that this section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state." Section 86 of "An act concerning the organization of cities and villages" (see 2d Sess. Laws, 1893, p. 124) provides that "the city council of cities and boards of trustees in villages shall within the first quarter of each fiscal year pass an ordinance to be termed the 'annual appropriation bill,' in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liability of such corporation, not exceeding in the aggregate the amount of tax authorized to be levied during that year; and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose. No further appropriation shall be made at any other time within such fiscal year, unless the proposition to make each appropriation has been first sanctioned by a majority of the legal voters of such city or village either by a petition signed by them, or at a general election or special election duly called therefor, and all appropriations shall end with the fiscal year for which they were made." Section 82 of said act provides, among other things, that the council or trustees of each city or village may assess and collect "not to exceed ten mills on the dollar to defray its general and incidental expenses, together with any special assessment or special taxes, or amounts so assessed as taxes under the provisions of this chapter and such sum as may be authorized by law to be levied for the payment of outstanding bonds and debts." In pursuance of the provisions of said sections

82 and 86 of said act, the council of the city of Moscow passed said ordinance or appropriation bill, and a tax of ten mills on the dollar of all the taxable property of said city was levied and collected. The entire fund raised thereby was appropriated to be expended in payment of the necessary expenses and liabilities of said corporation for the fiscal year ending the first Tuesday in May, 1896. ·No tax was levied to pay the warrants referred to in this suit, and the money raised and appropriated as aforesaid cannot legally be diverted for that purpose. See, also, section 66 of same act, which is as follows: "All warrants drawn upon the treasurer must be signed by the mayor or chairman, and countersigned by the clerk, stating the particular fund or appropriation to which the same is chargeable and the person to whom payable, and for what particular object; no money shall be otherwise paid than upon such warrants so drawn. Each warrant shall specify the amount levied and appropriated to the fund upon which it is drawn, and the amount already expended of such fund."

The evident intent of the provisions of section 3 of article 8 of the constitution of Idaho, as well as the provisions of the act above cited, was to make the revenue or income collected each year pay such year's indebtedness, unless by the assent of two-thirds of the qualified electors, given as provided by law, other indebtedness was authorized. Said section of the constitution, however, does not apply to the ordinary and necessary expenses authorized by the general laws of the state. In *Bannock Co. v. C. Bunting & Co.*, ante, p. 156, 37 Pac. 279, referring to said section of the constitution, this court said: "The provisions forbid positively the incurring of any indebtedness in any manner or for any purpose exceeding in that year the income and revenue provided for it without the assent of two-thirds of the electors." Section 18 of article 11 of the constitution of California is similar to section 3 of article 8 of the constitution of Idaho; and the supreme court of that state, in *Gas Co. v. Brickwedel*, 62 Cal. 641, held: "Each year's income and revenue must pay each year's indebtedness and liability, and no indebtedness or liability incurred in any one year shall be paid out of the income or revenue of any future year." In

*Shaw v. Statler,* 74 Cal. 258, 15 Pac. 833, the court, in refer-ring to the above quotation from *Gas Co. v. Brickwedel,* says that said quotation was only *dictum* in that case. The court further says: "But we think it is a correct exposition, at least, so far as the revenue of any particular year is required for the expenses of that year." In *Schwartz v. Wilson,* 75 Cal. 502, 17 Pac, 449, the court, referring to *Gas Co. v. Brickwedel, supra,* says: "Were the question discussed in that case a new one, we might hesitate in reaching the conclusion arrived at there; but in view of the very salutary influence it is calculated to exercise over public affairs, and in view of the fact that since 1882 all persons dealing with these municipalities must be presumed to have done so in view of the constitutional construction given in that case, we are not inclined to overturn it." I think the framers of our constitution had in view the "salutary influence" referred to in the last-cited case. Municipal indebtedness in-curred during a given fiscal year cannot be paid out of the in-come or revenue of any future year unless it be especially raised for the payment of such indebtedness. The judgment of the court below is affirmed, with costs of this appeal in favor of respondent.

Morgan, C. J., and Huston, J., concur.