|113  201|
|a115  38|

[S. F. No. 288.   Department Two.—June 6, 1896.]

PACIFIC UNDERTAKERS, RESPONDENT, v. A. C. WIDBER, TREASURER, ETC., APPELLANT.

MUNICIPAL CORPORATIONS—INDEBTEDNESS IN EXCESS OF REVENUE—CONTRACT FOR BURIAL OF INDIGENT DEAD.—A claim arising under a contract for the burial of the indigent dead during the fiscal year is not exempt from the operation of section 18 of article XI of the state constitution, forbidding the incurring of any indebtedness or liability for any purpose exceeding in any one year the revenue provided for it for such year without the assent of the electors expressed at an election.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Harry T. Cresswell*, and *W. I. Brobeck*, for Appellant.

Each year's income and revenue must pay each year's indebtedness and liability; and no indebtedness or liability incurred in any one year, can be paid out of the income or revenue of any future year. (*San Francisco Gas Co.* v. *Brickwedel*, 62 Cal. 641; *Shaw* v. *Statler*, 74 Cal. 258; *Schwartz* v. *Wilson*, 75 Cal. 502; *Lewis* v. *Widber*, 99 Cal. 412; *McGowan* v. *Ford*, 107 Cal. 177; *Smith* v. *Broderick*, 107 Cal. 644; 48 Am. St. Rep. 167.)   The liability in the present case resulted in whole and in part from the contract which the board of supervisors entered into with respondent, and independent of said contract respondent would not now, nor could it ever have, any claim against the city and county of San Francisco. (Const. art. XI, sec. 18; *Cashin* v. *Dunn*, 58 Cal. 581; *Welch* v. *Strother*, 74 Cal. 413; *Lewis* v. *Widber, supra;* Stats. 1860, p. 272; Stats. 1877-78, p. 820; *Von Schmidt* v. *Widber*, 105 Cal. 152.)

*Wheaton, Kalloch & Kierce*, for Respondent.

As respondent's demands are the result of obligations imposed by law, they are without the inhibition of section 18, article XI, of the constitution, and must be paid

whenever there is money in the general fund with which to pay the same, irrespective of what year the general fund may belong to. (Pen. Code, secs. 292, 293; Stats. 1883, p. 306; Stats. 1891, p. 306; Stats. 1893, p. 358: *Lewis* v. *Widber*, 99 Cal. 412.) The demands are akin to salary demands, and it makes no difference that the amount is not fixed by statute. (*Ex parte Reis*, 64 Cal. 233; *Aid Society* v. *Reis*, 71 Cal. 634; *Ex parte Widber*, 91 Cal. 367.)

McFARLAND, J.—The Pacific Undertakers, a corporation, filed a petition in the superior court for a writ of mandate commanding A. C. Widber, treasurer of the city and county of San Francisco, to pay certain demands against said city and county amounting to eighty-three dollars and three cents, which had been regularly allowed and audited. The prayer of the petition was granted, and Widber appeals.

The demands were presented to the treasurer on June 26, 1893, and were for services rendered in burying indigent dead during the months of April and May, 1893; but the general fund of the treasury was entirely exhausted, and there was no money of the fiscal year ending June 30, 1893, to pay said demands, and there has not since been any money of said fiscal year to pay the said demands. However, since the first day of July, 1893, there has been, and at the time of the filing of the petition there was, sufficient money of the income and revenue of subsequent fiscal years with which to pay said demands.

Respondent contends that the nature and character of the demands here sought to be enforced exempt them from the operation of the provision of section 18, article XI, of the state constitution, that no county, etc., shall "incur any indebtedness or liability, in any manner or for any purpose, exceeding in any year the income and revenue provided for it for such year, without the assent" of the electors expressed at an election, etc., as construed in *San Francisco Gas Co.* v. *Brickwedel*, 62

Cal. 641, and subsequent cases on the subject. But the contention cannot be maintained. To sanction it would be to open the door to a rush of claims that would practically sweep away the entire constitutional provision in question.

The demands here involved arose out of *a contract* between the petitioner and the board of supervisors, by which the former was to bury the indigent dead for one year, commencing July 1, 1892, and ending June 30, 1893—the close of the fiscal year—at a certain sum for each burial. The contract was made after an advertisement for bids such as is required by law in the letting of contracts for services, goods, wares, etc., the petitioner being the lowest responsible bidder. By an act of the legislature of April 27, 1860 (Stats. 1860, p. 272), the board of supervisors was given, among other powers, authority "to allow and order paid out of the general fund such sums as are now due, or may become due, for burying the indigent dead." By section 292 of the Penal Code the duty of burying the body of a deceased person is imposed on certain relations in an enumerated order, and if there be no such relation, then upon the coroner who held an inquest on the body, and, if there be no such coroner, then "upon the persons charged with the support of the poor in the locality in which the death occurs"; and, if all these "omit to act," then upon the tenant or owner of the premises where the death occurred or the body is found. Section 293 provides that "every person" upon whom the duty rests who omits to perform it within a reasonable time is guilty of a misdemeanor, and is liable to the person who performs the duty in treble the expenses incurred by the latter in making the burial. And it is contended by petitioner that under these statutory provisions the demands here sought to be enforced are obligations imposed by law within the ruling of this court in *Lewis* v. *Widber*, 99 Cal. 412, and therefore not within the declaration made in *San Francisco Gas Co.* v. *Brickwedel, supra,* that "each year's income and revenue must pay

each year's indebtedness and liability, and no indebtedness or liability incurred in any one year shall be paid out of the income or revenue of any future year." But this position is not tenable. In *Lewis* v. *Widber, supra,* the question involved was the salary of a public officer whose office had been created and his salary fixed at a definite, certain sum per month by an act of the legislature. The demand for the salary sought to be enforced there was not the result of any contract by the municipality; nor was it an indebtedness or liability incurred by the municipality; and, for that reason, it was held not to be within the limitation of the clause of the constitution under consideration. We there said: "It is quite apparent, however, that this clause of the constitution refers to an indebtedness or liability which one of the municipal bodies mentioned has itself incurred—that is, an indebtedness which the municipality has created, or a liability resulting, in whole or in part, from some act or conduct of such municipality. . . . . But the stated salary of a public officer fixed by statute is a matter over which the municipality has no control, and with respect to which it has no discretion; and the payment of his salary is a liability established by the legislature at the date of the creation of the office. It, therefore, is not an indebtedness or liability incurred by the municipality within the meaning of said clause of the constitution." But in the case at bar the demand sought to be enforced was not fixed by the legislature. It arose directly out of the contract of the municipality, and was an indebtedness which it expressly incurred. It is, no doubt, the general duty of the municipal government to see that the bodies of deceased persons are properly disposed of—just as it is its general duty to do many other things necessary to public health, decency, comfort, and convenience. The sections of the code above referred to are only declarations of a duty already existing, and which belongs to every municipality. The manner in which dead bodies shall be disposed of, the person or persons by whom they

hall be buried, the amount which shall be paid for the work, etc., are all left to the discretion of the municipal authorities. Like all other expenditures necessary for the general welfare, and not fixed by statute, the amounts of the demands here in question are the result of a contract made by the board of supervisors, and therefore, constitute a liability incurred by the munic» ipality. They are, therefore, within the provision that no indebtedness shall be incurred " in any manner or for any purpose" exceeding, etc. If they are without that provision, then it is difficult to see how indebtedness incurred for any services or commodities necessary for the public welfare could be held to be within it, or how the constitutional limitation conld be kept from being frittered entirely away.

The judgment appealed from is reversed.

Temple, J., and Henshaw, J., concurred.