[S. F. No. 399.    Department Two.—November 20, 1896.]

## MAX GOLDSMITH, APPELLANT, *v.* THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENTS.

MUNICIPAL CORPORATIONS—CLAIM FOR SUPPLIES FOR PRISONERS—EXHAUSTION OF GENERAL FUND FOR FISCAL YEAR—JUDGMENT—MANDAMUS.— Where the general fund for the fiscal year in which supplies were furnished by contract with the city and county of San Francisco to prisoners in the jails of the municipality, was totally exhausted, the reduction of the original claim therefor to a judgment against the city and county, does not increase the dignity of the claim so as to authorize the claimant to demand payment of it from any fund not subject to the primary demand, and *mandamus* will not lie to compel the supervisors to order such judgment paid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*Mullany, Grant & Cushing*, for Appellant.

The clear intent of section 18 of article XI of the constitution was to limit and restrict the power of the municipality as to any indebtedness or liability which it has discretion to incur or not to incur. (*Lewis* v. *Widber*, 99 Cal. 412; *Cashin* v. *Dunn*, 58 Cal. 581; *Welch* v. *Strother*, 74 Cal. 413; Dillon on Municipal Corporations, sec. 137; *McCracken* v. *San Francisco*, 16 Cal. 633; *Bartle* v. *Des Moines*, 38 Iowa, 414; *Rice* v. *Des Moines*, 40 Iowa, 638; *Grant Co.* v. *Lake Co.*, 17 Or. 453.) Plaintiff's demand is a fixed one, in the incurring of which the municipality had absolutely no discretion, and is payable out of the funds of any fiscal year. (*Bradford*

v. *San Francisco*, 112 Cal. 537.)   If the board of super-
visors had refused to award the contract to plaintiff, a
writ of mandate would have been granted to compel
them to so award it.   (Dillon on Municipal Corpora-
tions, secs. 466–68; Merrill on Mandamus, sec. 117.)
While ordinary demands incurred by the municipality
can only be paid out of the funds for the year in which
they are incurred, the power of the board of super-
visors to pay a valid judgment, which legally could be
paid out of the funds of a subsequent year, is not re-
stricted.   (*Smith* v. *Broderick*, 107 Cal. 648; 48 Am. St.
Rep. 167; Stats. 1858, p. 233.)

*Harry T. Creswell, City and County Attorney*, and *Will-
iam Irvin Brobeck, Assistant*, for Respondents.

The fact that appellant's claims now exist in the form
of a judgment against the city and county of San Fran-
cisco, gives them no better standing, as claims against
the treasury thereof, than they had before they were so
dignified.   (*Smith* v. *Broderick*, 107 Cal. 644; 48 Am. St.
Rep. 167; *Clark* v. *Rowling*, 3 N. Y. 216; 53 Am. Dec.
290; *Imlay* v. *Carpentier*, 14 Cal. 173; *Betts* v. *Bagley*, 12
Pick. 580.)   Each year's income and revenue must pay
each year's indebtedness and liability.   (Const., art.
XI, sec. 18; *San Francisco Gas Co.* v. *Brickwedel*, 62 Cal.
641; *Shaw* v. *Statler*, 74 Cal. 258; *Schwartz* v. *Wilson*,
75 Cal. 504; *Mayrhofer* v. *Board of Education*, 89 Cal.
114; 23 Am. St. Rep. 451; *Sutro* v. *Pettit*, 74 Cal. 337; 5
Am. St. Rep. 442; *McBean* v. *San Bernardino*, 96 Cal.
187; *Von Schmidt* v. *Widber*, 105 Cal. 151; *Law* v. *Peo-
ple*, 87 Ill. 396; *Weaver* v. *San Francisco*, 111 Cal. 319.)

HENSHAW, J.—This is an application for a writ of
mandate to compel the board of supervisors of the city
and county of San Francisco to allow and order paid a
judgment against the city obtained by plaintiff.

Plaintiff had contracted with the city to furnish sub-
sistence and supplies for the prisoners in the jails of the

municipality for the fiscal year 1892–93, pursuant to the terms of section 69 of the consolidation act.

The supplies were furnished during the year. The demands of the plaintiff for the last three months were refused payment for lack of funds.

Plaintiff entered suit and obtained judgment, and, upon the refusal of the supervisors to order the judgment demand paid, he applied for this writ of mandate. The supervisors for answer showed that the general fund for the fiscal year 1892–93 was totally exhausted, and that the claim of plaintiff transformed into a judgment was payable solely out of this fund.

The reduction of the original claim to a judgment does not increase its dignity so as to authorize plaintiff to demand payment of it from any fund not subject to the primary demand. (*Smith* v. *Broderick,* 107 Cal. 644; 48 Am. St. Rep. 167.)

It is sought to distinguish this claim from the many which this court has been called upon to discuss, and to bring it within the principle of *Lewis* v. *Widber,* 99 Cal. 412. But, to the contrary, it is in all essential features identical with that considered in *Pacific Undertakers* v. *Widber,* 113 Cal. 201. The reasoning there set forth completely covers the facts and the law of this case, and leaves little to be added. That hardships result from an observance of the law may be deplored; but this fact cannot afford reason for subverting the law or frittering it away.

The judgment is affirmed.

McFARLAND, J., and TEMPLE, J., concurred.