[Civ. No. 44475. Second Dist., Div. Four. Mar. 18, 1975.]

CRISPUS A. WRIGHT, Plaintiff and Appellant, v.
COMPTON UNIFIED SCHOOL DISTRICT,
Defendant and Respondent.

COUNSEL

Leon Thompson for Plaintiff and Appellant.

John H. Larson, County Counsel, and Sanford K. Smith, Deputy County Counsel, for Defendant and Respondent.

OPINION

DUNN, J.—In June 1971, plaintiff commenced an action against the Compton Unified School District to recover compensation for legal services rendered. In its answer to the complaint defendant alleged, as an affirmative defense, that plaintiff's claim was unenforceable because it constituted an indebtedness or liability in excess of the debt limitation set forth in California Constitution article XIII, section 40.

The parties stipulated that the action could be tried without a jury and that the court could render judgment on the basis of the pleadings and the following agreed statement of facts: at all times mentioned plaintiff was, and still is, an attorney licensed to practice law in California; on December 15, 1965, the Willowbrook School District was a duly organized school district, and continued to exist as such until July 1,

1970, when it joined other school districts to form the Compton Unified School District; prior to December 15, 1965, four of the officers and employees of the Willowbrook School District were named as defendants in a defamation action filed in the California Superior Court for Los Angeles County; each of these officers and employees requested, in writing, that the district provide for his defense to the action; on May 20, 1965, the county counsel advised the district that it could employ an attorney in private practice to defend these four officers and employees named in the defamation action; by letter to the district dated December 14, 1965, the county counsel (pursuant to Ed. Code, § 906.5, now § 1016) stated, as his opinion regarding the merits of the litigation, that the named officers and employees were entitled to a defense; in that letter, the county counsel also approved the form of a proposed contract between the district and the plaintiff herein, providing for such defense; by written agreement dated December 15, 1965, the district employed plaintiff to represent the four officers and employees named in the defamation action; pursuant to the agreement, plaintiff rendered services having a reasonable value of $16,575, accrued as follows: $100 for the fiscal year 1968-1969; $14,750 for the fiscal year 1969-1970; and $1,725 for the fiscal year 1970-1971; during the fiscal year 1969-1970, the Willowbrook School District operated at a deficit in excess of $140,000; neither the Willowbrook School District nor the Compton Unified School District has paid any money to plaintiff for services rendered by him pursuant to the agreement of December 15, 1965.

Findings of fact and conclusions of law were signed and filed. The facts found by the trial court were those set forth in the agreed statement of facts. From such facts, the court determined, as conclusions of law: the fees charged by an attorney in private practice for defending school district employees pursuant to a valid contract between the attorney and the district do not constitute an obligation imposed upon the district by law; therefore, California Constitution, article XIII, section 40, prohibits defendant Compton Unified School District from paying the indebtedness incurred in the fiscal year 1969-1970 for services rendered by plaintiff, because during that year the district operated at a deficit.[1]

Judgment was entered in favor of plaintiff for the value of services rendered during the fiscal years 1968-1969 and 1970-1971, and in favor of defendant for the value of services rendered during the fiscal year 1969-1970. Plaintiff appeals from the latter portion of the judgment.

[1]Education Code section 3346 provides: "... obligations of a district included in whole in a unified school district ... shall become the ... obligations of the unified school district."

■   California Constitution, article XIII, section 40 (formerly art. XI, § 18) provides in pertinent part: "No . . . school district, shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose . . . ."

By this provision, the framers of the Constitution meant that "no such indebtedness or liability should be incurred (except in the manner stated) exceeding in any year the income and revenue actually received by such . . . school district. In other words, that each year's income and revenue must pay each year's indebtedness and liability, and that no indebtedness or liability incurred in any one year shall be paid out of the income or revenue of any future year." (*San Francisco Gas Co.* v. *Brickwedel* (1882) 62 Cal. 641, 642. See also *McBean* v. *City of Fresno* (1896) 112 Cal. 159, 164 [44 P. 358]; *Smith* v. *Broderick* (1895) 107 Cal. 644, 648-649 [40 P. 1033].) Hence, "lack of available money of the revenue of the fiscal year against which the claim constitutes a charge, from whatever cause, and entirely regardless of the absolute validity of the claim, is a complete answer to any attempt to enforce *payment* from . . . 'the ordinary revenues' [of the entity in question] for succeeding years." (*Arthur* v. *City of Petaluma* (1917) 175 Cal. 216, 221 [165 P. 698].)

However, this constitutional debt limitation does not apply to an obligation or liability imposed by law as distinguished from one voluntarily incurred. (*County of Los Angeles* v. *Byram* (1951) 36 Cal.2d 694, 698 [227 P.2d 4]; *American Co.* v. *City of Lakeport* (1934) 220 Cal. 548, 557 [32 P.2d 622]; *City of Pasadena* v. *McAllaster* (1928) 204 Cal. 267, 276-277 [267 P. 873]; *Lewis* v. *Widber* (1893) 99 Cal. 412, 413 [33 P. 1128]; *City of La Habra* v. *Pellerin* (1963) 216 Cal.App.2d 99, 102 [30 Cal.Rptr. 752]; *People* ex rel. *City of Downey* v. *Downey County Water Dist.* (1962) 202 Cal.App.2d 786, 805 [21 Cal.Rptr. 370]; *Sacramento Municipal Util. Dist.* v. *Spink* (1956) 145 Cal.App.2d 568, 579-580 [303 P.2d 46].)

■   Government Code section 995 provides: ". . . upon request of an employee . . . a public entity *shall* provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity. . . ." (Italics added.) Thus, the Willowbrook School District (a public entity: Gov. Code, § 811.2; *Chase* v. *Shasta Lake Union Sch. Dist.* (1968) 259 Cal.App.2d 612,

615 [66 Cal.Rptr. 517, 37 A.L.R.3d 704]) was under a duty imposed by law to provide for the defense of its employees in the defamation action brought against them.[2] (See Gov. Code, § 14; 39 Ops.Cal.Atty.Gen. 71 (1962).)

Defendant acknowledges the existence of such duty, but contends that its liability to plaintiff, incurred in fiscal year 1969-1970, nevertheless, is within the constitutional debt limitation because the Willowbrook School District discharged its duty by its voluntary act of contracting with plaintiff to defend its employees.

In *Pacific Undertakers* v. *Widber* (1896) 113 Cal. 201 [45 P. 273], it was held that a claim on a contract for burial of indigent dead is within the debt limitation because, although the county is under a duty to provide for burial, the duty is general, rather than specific, and the county's liability was expressed in a contract made with the undertaker-claimant. The court there stated (p. 205): "Like all other expenditures necessary for the general welfare, and not fixed by statute, the amounts of the demands here in question are the result of a contract made by the board of supervisors, and therefore, constitute a liability incurred by the municipality. They are, therefore, within the provision that no indebtedness shall be incurred 'in any manner or for any purpose' exceeding, etc." This reasoning subsequently was applied to bar a claim on a contract to furnish supplies to prisoners in jails (*Goldsmith* v. *San Francisco* (1896) 115 Cal. 36 [46 P. 816], and a claim on a contract to publish a proposed freeholders' charter in a newspaper. (*Arthur* v. *City of Petaluma, supra,* 175 Cal. at p. 225.)

In *County of Los Angeles* v. *Byram, supra,* 36 Cal.2d 694, the Supreme Court considered the applicability of the constitutional debt limitation to a lease agreement whereby the county employees retirement board agreed to construct a court building on county property, and thereafter rent the building to the county. The court held that the transaction was not subject to the debt limitation, stating (pp. 698, 700): "[E]ven assuming that the lease is an installment contract, the obligation [to provide quarters for courts] represented thereby is one the law imposes upon the county and therefore is not a debt or liability within the contemplation of the Constitution. . . . Since a specific mandatory obligation has been imposed on the county by the Legislature to provide

---

[2]From the agreed facts, it may be inferred that the action against the district's employees was based upon acts occurring in the course of their employment by the district. (See: Gov. Code, § 995.2, subd. (a).)

suitable quarters for the courts in that county, the present facilities are not adequate, and the board of supervisors has determined that the proposed construction is necessary, we have an express law-imposed obligation on the county which is not general, as in the Pacific Undertakers and Goldsmith cases, and the debts incurred in the performance of that duty are not within the debt limitation."

Government Code section 995 expressly imposes upon a public entity (including a school district) the specific duty to provide a defense for its employees to civil actions brought against them which arise out of acts performed in the scope of their employment. In the instant case, the fulfillment of such duty by the Willowbrook School District took the form of a contract between the district and plaintiff. The obligation represented by the contract, being one imposed upon the district by law, was not subject to the debt limitation of California Constitution, article XIII, section 40. This conclusion is strengthened by the fact that under Government Code section 996, which authorizes a public entity to employ counsel for the purpose of defending its employees,[3] the Willowbrook School District, in employing plaintiff to defend its employees, discharged its duty in a manner expressly provided by law.

■ Defendant contends that, in any event, plaintiff's recovery for the fiscal year 1969-1970 is barred by Education Code section 1011, which provides: "The governing board of any school district is liable as such in the name of the district for all debts and contracts . . . not made in excess of the school moneys accruing to the district and usable for the purposes of the debts and contracts during the school year for which the debts and contracts are made. The district shall not be liable for debts and contracts made in violation of this section." This statute apparently is an attempt to restate, as to a school district, alone, the debt limitation imposed upon it and other entities by California Constitution, article XIII, section 40.

■ The state Constitution is controlling and statutes which are inconsistent with and contrary to constitutional provisions cannot stand. (*Lake Tahoe Ry. etc. Co.* v. *Roberts* (1914) 168 Cal. 551, 556 [143 P. 786];

---

[3]Government Code section 996: "A public entity may provide for a defense pursuant to this part [pt. 7, "Defense of Public Employees," §§ 995-996.6] by its own attorney or *by employing other counsel for this purpose* or by purchasing insurance which requires that the insurer provide the defense. All of the expenses of providing a defense pursuant to this part are proper charges against a public entity. A public entity has no right to recover such expenses from the employee . . . defended." (Italics added.)

13 Cal.Jur.3d, Constitutional Law, § 27, pp. 63-64.) Every intendment, however, is in favor of the validity of a statute, and it should not be held to be void unless it is clearly repugnant to the Constitution. (*Noce* v. *Department of Finance* (1941) 45 Cal.App.2d 5, 10 [113 P.2d 716].) If reasonably possible, a harmonious adjustment of the constitutional provision and the statutory provision will be found. (*Grocers' etc. Union* v. *Kern etc. Co.* (1907) 150 Cal. 466, 475 [89 P. 120].)

Such an adjustment may be made between California Constitution, article XIII, section 40, and Education Code section 1011, by defining the phrase "debts and contracts" in the statute in the same way as the phrase "indebtedness or liability" in the Constitution is defined. The result is that, under both the Constitution and the statute, a school district is liable for obligations imposed by law even though they exceed in any year the money available to the district in that year.

The judgment is reversed insofar as it denies plaintiff recovery of the sum agreed to be due him for the fiscal year 1969-1970. The trial court is directed to enter judgment in favor of plaintiff for such sum.

Jefferson, Acting P. J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 14, 1975.